TENNESSEE DEPARTMENT OF HU-
MAN SERVICES, Assignee of Doro-
thy Richardson, Plaintiff-Appellee,

v.

**Willie James DANIEL,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

May 11, 1983.

Certiorari Denied by Supreme Court,
Oct. 24, 1983.

Harold W. Horne, Memphis, for plaintiff-
appellee.

Cecil G. Keltner, Memphis, for defendant-
appellant.

HIGHERS, Judge.

This paternity suit was brought in the
Juvenile Court of Memphis and Shelby
County by the Tennessee Department of
Human Services as assignee of Dorothy
Richardson, the natural mother, against the
defendant, Willie James Daniel.

The defendant appeared in the Juvenile
Court and entered a written denial of pa-
ternity and a demand for a trial by jury.
This document was signed by the defendant
and by his attorney of record. On that
same day an order was entered transferring
the case to the Circuit Court for a trial by
jury.

After the matter was before the Circuit
Court, the defendant filed a motion to dis-
miss in which he alleged that the Circuit
Court in Shelby County, Tennessee, had no
personal jurisdiction over him. The defend-
ant filed a supporting affidavit to his mo-
tion wherein he stated that he was a resi-
dent of New Madrid, Missouri, that he had
been a resident there since 1963, and that
he had never lived in Tennessee either alone
or with Dorothy Richardson.

The defendant's motion came on to be
heard before the trial court. The motion to
dismiss was denied, but the trial court
granted an interlocutory appeal pursuant to
Rule 9, T.R.A.P., and certified this question
for review: Where a nonresident defend-
ant, by and through counsel, enters an ap-
pearance in the Juvenile Court, denying
paternity and demanding a jury trial, and
later in the Circuit Court files a set of
interrogatories to the plaintiff, has said de-
fendant entered such a general appearance
as will prevent him from challenging the
court's *in personam* jurisdiction in the Cir-
cuit Court?

The question framed by the trial court refers to a set of interrogatories filed by the defendant. We have been unable to find such interrogatories in the record, but the record does contain unsworn answers to interrogatories by Dorothy Richardson. It may be that the defendant served interrogatories on counsel for the plaintiff, but did not file them with the clerk. In any event, however, we do not feel it is necessary to reach the question of the effect of interrogatories either filed or served by the defendant.

The issue which we consider is whether the appearance of the defendant in the Juvenile Court, with his attorney, in which he executed a written denial of paternity and demand for a jury trial, is sufficient to confer personal jurisdiction over him in the courts of this state. We hold that it is and, therefore, affirm the action of the trial court in denying the motion to dismiss.

In *Gibson's Suits in Chancery,* Fifth Edition, § 229, an appearance is defined as "any act whereby a defendant recognizes the jurisdiction of the Court, in the particular cause wherein he is a defendant." Under practice prior to the adoption of the Tennessee Rules of Civil Procedure, this appearance could be either (1) special, to contest jurisdiction, or (2) general, to plead or defend on the merits. Rule 12 now allows this question to be raised either by motion or in the answer.

In paternity cases in juvenile courts, however, it has been held that the Tennessee Rules of Civil Procedure do not apply. *Tenn. Dept. of Human Services v. Patterson,* 605 S.W.2d 541 (Tenn.1980). Further, it is clear that Rule 12 did not change the *effect* of making a general appearance, but the rule altered only the required *order* of pleading. Prior to the rule, if a defendant did not contest jurisdiction by plea in abatement, before filing an answer on the merits, he waived the jurisdictional issue. He may now raise the jurisdictional question as part of his answer. But it is still true, even after adoption of the rules, that one who appears generally and defends on the merits is subject to the jurisdiction of the court.

*Hanley v. Burton,* 543 S.W.2d 599 (Tenn. App.1975).

In the instant case the defendant appeared with counsel before the Juvenile Court and entered a formal denial of paternity and demand for a jury trial in which he stated: "I hereby expressly deny the allegations of the Petition that I am the father of the child named in the Petition. I understand that I can have the issue of paternity tried in the Juvenile Court without a jury; however, I demand a jury on the issue of paternity."

■ When the defendant makes an appearance in a pending matter without attacking *in personam* jurisdiction, and seeks affirmative relief from the court, or acts in a manner inconsistent with the claim of absence of jurisdiction, he had made a general appearance and consents to the jurisdiction of the court over his person.

In 5 Am.Jur.2d, Appearance, § 6, it is said:

> One who appears generally submits his person to the jurisdiction of the court, regardless of the fact that process may not have been served on him. In other words, a voluntary general appearance is equivalent to personal service of summons on the defendant and waives objections to the jurisdiction of the court over his person.

■ The defendant in this case voluntarily appeared following service of process upon him pursuant to the long-arm statute, and without attacking personal jurisdiction, entered his denial upon the merits of the case and demanded a jury trial in the Circuit Court. We hold that under these circumstances he has submitted himself to the jurisdiction of the court.

The judgment of the trial court is affirmed, and the matter is remanded for further proceedings. Costs of this appeal are adjudged against the appellant.

NEARN, P.J. (W.S.), and CRAWFORD, J., concur.