In the Matter of Justin Eric
GROSFELT, a child under
the age of eighteen years.

**Karen GROSFELT, Appellee,**

v.

**David EPLING, Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

July 25, 1986.

Application for Permission to Appeal
Denied by Supreme Court
Sept. 22, 1986.

Mark D. Slagle, Johnson City, for appellant.

Cecil W. Laws, Bristol, for appellee.

OPINION

PARROTT, Presiding Judge.

Defendant, David Epling, has appealed the order of the Juvenile Court for the City of Bristol, Tennessee, finding the defendant to be the natural father of Petitioner Karen Grosfelt's minor child, Justin Eric Grosfelt, and requiring the defendant to pay monthly child support; accumulated arrearages since the date of the child's birth; petitioner's lost income, medical expenses, and attorneys' fees.

The petitioner, a resident of Tilton, New Hampshire, filed a petition in the Bristol, Tennessee, Juvenile Court in October of 1983, to establish the defendant as the natural father of her child born on October 30, 1981. In November, 1983, the petition was served upon the defendant's mother, Martha Jane Epling, at 104 Overbrook Drive, Bristol, Tennessee.

On or about January 5, 1984, a hearing was held on the request of the petitioner that the defendant submit to blood tests. At this hearing, Mr. Myers Massengill, a Tennessee attorney, appeared on behalf of the defendant. Mr. Massengill stated he had not been retained by the defendant but had been asked to appear by the defendant's mother. Mr. Massengill further stated that he wanted to reserve the defendant's right to either submit to blood tests or to file a motion objecting to blood tests on the grounds that the court lacked personal jurisdiction over the defendant. The juvenile court granted the defendant until January 26, 1984, to either submit to blood tests as ordered by the court or to contest the court's personal jurisdiction. Thereafter Mr. Massengill was retained by the defendant.

Between the January 5th and January 26th hearings, Mr. Massengill discussed the blood tests with the defendant and made informal arrangements with the petitioner's attorney regarding the taking of blood tests. On January 26, 1984, the juvenile court, with agreement of both parties' attorneys, continued the case for 60 days for the blood tests to be completed, pursuant to the court's ruling on January 5, 1984, and the defendant's decision to submit to blood tests.

In July, 1984, blood test results were reported showing a probability of paternity of 99.8 percent. The defendant, through his attorney, requested further blood tests and the results of the additional tests raised the probability of paternity to 99.9 percent. Mr. Massengill filed a motion to transfer the case to circuit or chancery court for a jury trial on the issue of paternity.

Mr. Massengill withdrew from the case and defendant retained attorney Mark Slagle. In March of 1985, Mr. Slagle filed a motion to dismiss the paternity petition for lack of jurisdiction. A hearing was held in April, 1985, on the defendant's motion to dismiss. The juvenile court denied the defendant's motion to dismiss finding that the defendant had submitted himself to the personal jurisdiction of the juvenile court through his actions and the actions of his previous attorney, Myers Massengill. The court granted defendant's motion to transfer the case to the circuit court for a jury trial. In September of 1985, the defendant withdrew his demand for a jury trial and requested that the case be remanded to the juvenile court, whereupon the case was so remanded.

In December of 1985, a hearing was held on the merits of the petition in the Juvenile Court for the City of Bristol, Tennessee. The juvenile court found the defendant to be the natural father of Justin Eric Grosfelt, and ordered the defendant to pay child support in the amount of $300 per month; accumulated arrearages in the amount of $14,700; petitioner's lost income and medical expenses in the amount of $3,417; and petitioner's attorneys' fees in the amount of $4,000.

On appeal, defendant contends that the juvenile court did not have proper in personam jurisdiction over him and that he was not properly given notice and served with process. Further, defendant insists he did not waive his objection to the lack of personal jurisdiction and defective process.

The issue which we will consider is whether the defendant made a general appearance sufficient to waive any objections he may have had concerning personal jurisdiction or service of process.

A voluntary general appearance is equivalent to personal service of summons on the defendant and a defendant makes a general appearance, thereby consenting to the jurisdiction of the court over his person, by acting in a manner inconsistent with the claim of absence of jurisdiction. *Tennessee Dept. of Human Services v. Daniel,* 659 S.W.2d 625 (Tenn.App.1983). In the case before us, the juvenile court gave the defendant until January 26, 1984, to file his motion as to the court's lack of personal jurisdiction or to submit to blood tests. As of January 26th, defendant had filed no objection or motion asserting any defense as to personal jurisdiction but had, through his attorney, made informal arrangements with the petitioner's attorney regarding the taking of blood tests. On January 26th, both parties through their respective counsel agreed to continue the case for 60 days for the blood tests to be completed. The defendant and his attorney acted in concert with the petitioner and her attorney to coordinate and carry out these blood tests, as well as additional blood tests requested by the defendant. After the results of all the blood tests were obtained, the defendant's attorney filed a motion to transfer the case to circuit or chancery court for a jury trial on the issue of paternity. Tennessee courts have said that the making or resisting of any motion, or the making of any agreement with the plaintiff or her attorney relative to any proceeding in a cause, or any other act in the cause, between the filing of the complaint and rendition of the final decree, whereby pendency of the suit is recognized, either expressly or by implication, will, if there is record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declaration or by necessary implication. *Akers v. Gillentine,* 33 Tenn.App. 212, 231 S.W.2d 372 (1950). An appearance by implication must be shown by reason of some act or proceeding recognizing the case as being in court, or from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only the jurisdiction of the court. *Patterson v. Rockwell International,* 665 S.W.2d 96 (Tenn.1984). It is clear from the record in this cause that the defendant has acted inconsistently with the claim of absence of jurisdiction and has made a general appearance by his actions thereby waiving any objections as to service of process or personal jurisdiction.

Defendant's final argument is that the juvenile court improperly determined the defendant's liability given the evidence presented. Defendant insists the record in this cause is void of any proof upon which the juvenile court could have based its award to petitioner of $2800 for lost income sustained during her confinement and recovery relating to the birth, and the award of $14,700 in child support arrearages, representing 49 months at $300 per month.

Our code makes the father of an illegitimate child liable for the necessary support and education of the child and also makes the father liable for the expenses of the mother's confinement and recovery, as well as such expenses in connection with her pregnancy as the court in its discretion may deem proper. T.C.A. § 36-2-102. Our review of the juvenile court's findings of fact in this cause is to be de novo upon the record accompanied by a presumption of the correctness of the finding, unless the preponderence of the evidence is otherwise. T.R.A.P. Rule 13(d). Applying this standard of review we cannot say the evidence presented in this cause preponderates against the findings of the juvenile court. The record contains testimony by the petitioner to the effect that she was unable to obtain employment during her later stages of pregnancy and further testimony as to the difference between the amount of money she received from governmental aid programs during this period and the amount of money she would have received had she

been able to find employment in her occupation as a teacher. Further the record contains evidence regarding the average expenses of rearing the minor child from which the juvenile court could have determined the child support arrearages. Defendant questions the court's determination of his ability to pay, however our review of the record does not demonstrate a preponderance of the evidence against this finding of the juvenile court.

For the reasons given above, we affirm the decision of the juvenile court. Costs of this appeal to be taxed to the defendant-appellant.

GODDARD and FRANKS, JJ., concur.