# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT NASHVILLE

_____

| | | |
|---|---|---|
| **CINDY DOOLEY (BLALOCK)**, | ) | Rutherford County Circuit Court |
| | ) | No. 33887 |
| Plaintiff/Appellee. | ) | |
| | ) | |
| VS. | ) | C.A. No. 01A01-9704-CV-00174 |
| | ) | |
| **JOHN R. DOOLEY**, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

**FILED**

**February 20, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

From the Circuit Court of Rutherford County at Murfreesboro.
**Honorable Robert E. Corlew, Chancellor**


**Thomas D. Frost**, Murfreesboro, Tennessee
Attorney for Defendant/Appellant.


**Jim Wiseman**, WISEMAN & SCHNEIDER, Murfreesboro, Tennessee
Attorney for Plaintiff/Appellee.


OPINION FILED:

**AFFIRMED AND REMANDED**


**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.**: (Concurs)

John R. Dooley (Father) appeals from the order of the trial court finding him in contempt of court[1] for nonpayment of child support pursuant to an Indiana divorce decree terminating his marriage to Cindy Dooley (Blalock) (Mother). The order also addresses reimbursement for medical expenses, payment of future medical bills, an increase in child support, a wage assignment and an award of attorney's fees. Father contends that the trial court's order should be set aside because that court did not have personal jurisdiction over him.

Mother filed in the court below a petition to domesticate a final decree of divorce entered May 19, 1982 in the Lake Superior Court at Gary, Indiana.[2] The trial court subsequently entered an order finding that the Indiana decree was properly authenticated before that court and entitled to full faith and credit in this state. The order further recited that the respondent resides in Minnesota and the petitioner and minor child in Tennessee. Mother subsequently filed a petition for contempt and Father responded with a motion to dismiss for lack of personal jurisdiction.

Father presents the following issues for our review:

> 1. Did the trial court err in determining that the defendant had waived any defense of lack of personal jurisdiction when an attorney in the State of Minnesota mailed a letter and a document entitled "Answer" to the plaintiff's attorney?

> 2. Did the trial court err in determining that the receipt by the plaintiff's attorney of a letter and a document entitled "Answer" from an attorney in the State of Minnesota constituted a "Filing" pursuant to T.R.C.P. 5?

> 3. Did the trial court have personal jurisdiction over the defendant?

Mother contends that Father submitted himself to the jurisdiction of the Tennessee trial court when his attorney in his home state of Minnesota mailed to mother's attorney in Tennessee an answer to the petition for contempt. In our view, this does not constitute a "filing" of the answer

---

[1]Father was fined $50.00 for contempt but given no jail time.

[2]The petition to domesticate the final decree attached as an exhibit a copy of the decree and agreement previously filed in the trial court in case number 26466 and incorporated by reference as Exhibit A to the petition. The Father's unrefuted statement of the facts states that case number 26466 was a previous attempt to domesticate the Indiana decree which was dismissed by the trial court. However, this is not raised as an issue on appeal.

which would waive personal jurisdiction. Rule 5.06 T.R.C.P. provides as pertinent that:

> The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event he or she shall note thereon the filing date and forthwith transmit them to the office of the clerk. The clerk shall endorse upon every pleading and other papers filed with the clerk in an action the date and hour of the filing.

There is no indication in this record that the answer which was mailed to Mother's attorney was filed. This answer appears in this record as an attachment to Mother's motion for default judgment.

Mother further argues that the answer should be considered as filed because Rule 5.05 T.R.C.P. provides that all papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter. She reasons that since the answer was served on her attorney, Father was then required to file the answer within a reasonable time thereafter. However, in reviewing the cover letter which accompanied the answer mailed to mother's attorney, it is apparent that it is an effort to dissuade Mother from proceeding with this matter and concludes by saying "[i]f you intend to pursue any further action in this matter, please notify me with sufficient advance notice so that I may obtain local counsel to associate on this matter, in zealous pursuit of any defenses and counterclaims available." We are of the opinion that the act of Father's attorney in Minnesota mailing an answer to Mother's attorney did not constitute filing as required by Rule 5.06 T.R.C.P.

The record further reveals that, following the filing of a notice of appeal on November 10, 1996, an agreed order was entered amending the order appealed from with regard to payment of arrearages and attorney's fees. In addition, on December 16, 1996, the defendant filed with the trial court a motion to modify the support provisions of the order. An appearance may be made by implication. As stated in *Patterson v. Rockwell International,* 665 S.W.2d 96, 99-100 (Tenn. 1984): "[h]owever, before an appearance will be found by implication, it must be shown from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only the jurisdiction of the court or by reason

of some act or proceeding recognizing the case as being in court."

A defendant makes a general appearance, thus consenting to the jurisdiction of the court over his person, by acting in a manner inconsistent with the claim of absence of jurisdiction. *Tennessee Dept. of Human Services v. Daniel,* 659 S.W.2d 625 (Tenn. App. 1983). *In re Grosfelt*, 718 S.W.2d 670 (Tenn. App. 1986), an attorney appearing on behalf of the defendant stated to the court that he wished to reserve the defendant's right to either submit to blood test in a paternity action or object on the grounds that the court lacked personal jurisdiction. The juvenile court granted the defendant until January 26, 1984 to either submit to blood test or contest the court's personal jurisdiction. As of that date, defendant had filed no objection or motion asserting any defense as to personal jurisdiction, but had, through his attorney, made formal arrangements with the petitioner's attorney regarding the taking of a blood test. On that date, both parties through their respective counsel agreed to a continuance in order that the blood test may be completed. After the tests were obtained, defendant filed a motion to transfer the case to circuit or chancery court for a jury trial on the issue of paternity, but subsequently withdrew this demand for a jury trial and requested the case be remanded to the juvenile court, whereupon the case was so remanded. The court said:

> Tennessee courts have said that the making or resisting of any motion, or the making of any agreement with the plaintiff or her attorney relative to any proceeding in a cause, or any other act in the cause, between the filing of the complaint and rendition of the final decree, whereby pendency of the suit is recognized, either expressly or by implication, will, if there is record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declaration or by necessary implication. *Akers v. Gillentine,* 33 Tenn.App. 212, 231 S.W.2d 372 (1950). An appearance by implication must be shown by reason of some act or proceeding recognizing the case as being in court, or from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only the jurisdiction of the court. *Patterson v. Rockwell International,* 665 S.W.2d 96 (Tenn. 1984).

*Grosfelt*, 718 S.W.2d at 672. The court held that it was clear from the record that defendant had acted inconsistently with his claim of absence of jurisdiction and had made a general appearance by his actions, thereby waiving any objections as to the service of process or personal jurisdiction. *Id*.

In *Byrd v. Callaghan*, 1990 WL 143809 (Tenn.App. Oct 3, 1990) the court, in

referring to *Grosfelt*, said: "The significant words in our view are, 'if there is record evidence of the fact.' In the case at bar, had an order been entered granting additional time within which to file an answer, even though no service had been had we believe the case would have come within the rule above enunciated, . . ."

A valid judgment imposing a personal obligation or duty in favor of a plaintiff may be entered only by a court having jurisdiction over the person of the defendant. ***Kulko v. Superior Court of California***, 436 U.S. 84 (1978). A defendant who has properly raised the question of personal jurisdiction has no alternative, after being overruled, except to answer and defend or risk the entry of judgment by default. ***Tennessee State Bd. of Educ. v. Cobb***, 557 S.W.2d 276 (Tenn. 1977). However, we conclude that Father's action in this case in entering into an agreed order, coupled with filing a motion seeking to modify the support provisions of the trial court's order constitutes an appearance. We believe that his actions are inconsistent with his claim of absence of jurisdiction. Clearly his motion to modify the support payments sought relief beneficial to himself and detrimental to the opposing party.

Father further argues that he was not subject to service of process through the long-arm statute due to a lack of minimum contacts with this jurisdiction as set forth in an affidavit which he filed in this cause in support of his motion to dismiss. However, in view of our ruling that he had submitted himself to this jurisdiction by an appearance, we do not find it necessary to address this argument. It results that we affirm the judgment of the trial court. Costs of this appeal are taxed to John R. Dooley and his surety, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)