IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 20, 2001

## STATE OF TENNESSEE v. MICHAEL SHAWN SHOFNER

**Appeal from the Criminal Court for Knox County**
**No. 60057      Mary Beth Leibowitz, Judge**

---

**No. E2000-00993-CCA-R3-CD**
**May 1, 2001**

---

Michael Shawn Shofner appeals from the Knox County Criminal Court's denial of his "Motion to Void Judgment," in which he seeks relief under Rule of Civil Procedure 60.02 from an order declaring that he is an habitual motor vehicle offender. He claims on appeal that the habitual motor vehicle offender order is void because (1) no summons was attached to the show cause order served upon him to notify him of the habitual motor vehicle offender proceedings, and (2) the state failed to obtain an alias summons after process was not returned within thirty days of entry of the show cause order. We hold that Shofner's motion for relief under Rule 60.02 is untimely. Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Mark E. Stephens, District Public Defender; Paula R. Voss and Jim Owen, Assistant Public Defenders, Knoxville, Tennessee, for the Appellant, Michael Shawn Shofner.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; Randall E. Nichols, District Attorney General; Patti Cristil, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On February 27, 1996, the Knox County District Attorney's office filed a petition seeking a declaration that Shofner was an habitual motor vehicle offender ("HMVO"). That same day, the trial court issued an order requiring Shofner to appear on March 29, 1996 and show cause why he should not be declared an HMVO. According to the return of service, that order was not served on Shofner until April 18, 1996. Apparently, no summons was issued and served on Shofner. However, Shofner appeared *pro se* in the trial court on May 15, 1996, and he was declared by order

of the court to be an HMVO. The record does not reflect that he raised any objections to sufficiency of process or the timing of the hearing at that appearance, nor does the record reflect that he contested the validity of any of the three DUI convictions which formed the predicate for the HMVO declaration. In fact, Shofner's signature appears on the order below a notation "approved for entry." The record is silent on the issue of whether any appeal was taken from this order.

On January 27, 1999, Shofner was indicted for driving in violation of the 1996 order. Through counsel appointed to represent him on that charge, he filed his "Motion to Void Judgment" on September 16, 1999. He claimed that the trial court should set aside the judgment under Rule of Civil Procedure 60.02 because (1) the order declaring him to be an HMVO was entered less than 30 days after service of the petition and order, contrary to Code section 55-10-608; (2) no summons was issued or returned, contrary to the Rule of Civil Procedure 4, and the lack of a summons left him unadvised of his right to file an answer and to demand a jury trial, and (3) the petition failed to allege sufficient grounds for declaring him an HMVO. Shofner asked the court to excuse his delay in filing the Rule 60.02 motion because he had been unrepresented by counsel in the HMVO declaration proceedings.

Following a hearing, the court denied Rule 60.02 relief. In its order, the court found that Shofner entered into an agreed HMVO judgment in 1996, and prior to doing so, he was advised that he would be given time to seek counsel if he so desired and given an opportunity for a continuance, which he declined. The court also found that Shofner had consulted with an attorney who represented him in other matters prior to agreeing to entry of the order.

In this appeal, Shofner makes two claims. First, he claims the HMVO order is void because no summons was attached to the show cause order served upon him. Second, he claims that the order is void because alias process was not issued after 30 days elapsed without service of a summons.

Initially, we must consider whether Rule 60.02 relief is proper given Shofner's long delay in seeking its benefit. A motion for relief from a civil judgment or order based upon voidness must be made within "a reasonable time." Tenn. R. Civ. P. 60.02. In this case, Shofner sought no relief from the order declaring him an HMVO until three years and four months after its entry. We are far from convinced that this lengthy delay was reasonable. *See State v. Ronald D. Correll, Jr.*, Nos. 03C01-9707-CC-00295, 03C01-9801-CC-00014, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Oct. 21, 1998) (motion to vacate HMVO judgment not timely filed under Rule 60.02 where defendant did not seek relief until twenty months later, when he was charged with violation of the order), *perm. app. denied* (Tenn. 1999); *cf. Cain v. Macklin*, 663 S.W.2d 794, 796 (Tenn. 1984) (defendant did not act within a reasonable period of time in seeking Rule 60.02 relief from judgment when he did not do so until two and one-half years after default judgment entered and fourteen and one-half months after monetary judgment entered). We are unconvinced that Shofner should be afforded latitude due to his *pro se* status in the HMVO proceedings, particularly when he was offered the opportunity to retain counsel and actually consulted with an attorney prior to entry of the HMVO order. "The defendant cannot use this court to benefit from his neglect after the judgment was

rendered." *Ronald D. Correll, Jr.*, slip op. at 4. We conclude that Rule 60.02 affords Shofner no relief because he has failed to seek relief within a reasonable time.

Even if Shofner had pursued his motion in a timely manner, the trial court would not have abused its discretion in denying relief. *See Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993) (trial court's decision on Rule 60 motion reversible only for abuse of discretion). If Shofner desired to challenge the court's personal jurisdiction over him due to the absence of a summons, he was required to raise it before defending the case on the merits. *See* Tenn. R. Civ. P. 12.01, 12.02. Instead, Shofner appeared at the show cause hearing and made no objection to the deficiency of service upon him. As such, he waived any objection and may not now raise the issue in an attempt to avoid a validly entered judgment. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994) (court's lack of personal jurisdiction is waived where defendant makes a voluntary "general appearance" to defend action on its merits, rather than making a "limited appearance" for purpose of contesting court's personal jurisdiction); *In re Grosfelt v. Epling*, 718 S.W.2d 670, 672 (Tenn. Ct. App. 1986) ("A voluntary general appearance is equivalent to personal service of summons on the defendant and a defendant makes a general appearance, thereby consenting to the jurisdiction of the court over his person, by acting in a manner inconsistent with the claim of absence of jurisdiction.") (*citing Tennessee Dept. of Human Servs. v. Daniel*, 659 S.W.2d 625 (Tenn. Ct. App.1983)); *see State ex rel. Alberta Beard v. Gilbert Franklin, III*, No. 02A01-9806-JV-00159 (Tenn. Ct. App., Jackson, Dec. 31, 1998) (defendant waived opportunity to raise defense based upon sufficiency of process and service of process when he voluntarily appeared at paternity hearing and failed to raise issues at that time).

Moreover, we see no reason why Shofner, had he filed a timely Rule 60.02 motion, should be allowed to avoid the well-settled rules regarding waiver of defenses simply because he was unrepresented by counsel at the HMVO hearing and faced incarceration if he violated the HMVO order that was ultimately entered. This position, which Shofner advances is his brief, is a novel one which has no basis in the law of this state. Moreover, the facts of this case would not be suitable for such an exception if one existed. Shofner was, in fact, advised by counsel before consenting to entry of his order. He has not alleged that he was unaware of the consequences of entry of the order.

The trial court's denial of Shofner's motion to void judgment is affirmed.

_____
JAMES CURWOOD WITT, JR, JUDGE