# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### NOVEMBER 18, 2010 Session

## DEUTSCHE BANK NATIONAL TRUST CO. v. R. D. ALDRIDGE, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-003650-09     John R. McCarroll, Judge

---

### No. W2010-00061-COA-R3-CV - Filed January 27, 2011

---

Bank purchased property at a foreclosure sale, and a tenant of the previous owner continued to occupy the property after the sale. The deed of trust executed by the previous owner provided that if the property was sold, any person holding possession of the property through the borrower would either surrender possession of the property or become a tenant at will of the purchaser. Bank filed a detainer warrant against the tenant and was awarded possession of the property by the general sessions court. On appeal, the circuit court also awarded possession to the Bank. The tenant appeals. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Curtis Byrd, Jr., Memphis, Tennessee, *pro se*

Jason S. Mangrum, Brentwood, Tennessee, for the appellee, Deutsche Bank National Trust Co.

# MEMORANDUM OPINION[1]

## I.  FACTS & PROCEDURAL HISTORY

On May 30, 2006, R.D. Aldridge executed a deed of trust securing repayment of a $62,400 note.  The debt was secured by a lien on the real property known as 1965 South Parkway, Memphis, Tennessee. Mr. Aldridge subsequently defaulted in his payments under the note.  On October 15, 2008, a letter was sent to Mr. Aldridge at the South Parkway address, advising him that he was in default and that the debt had been accelerated.  On October 21, 2008, another letter was sent to Mr. Aldridge at the South Parkway address, stating that the property was scheduled to be sold at a foreclosure sale on November 21, 2008.  Another letter was sent on October 21, 2008, addressed to "Tenants of 1965 South Parkway East," which purported to advise the tenants that the property was scheduled to be sold at a foreclosure sale.  Deutsche Bank National Trust Company ("the Bank") subsequently purchased the property at the foreclosure sale on November 21, 2008.

On May 27, 2009, the Bank filed a detainer warrant in Shelby County General Sessions Court against "R.D. Aldridge or Current Occupants," alleging that the Bank claimed the right of possession of the South Parkway property and that the "defendant(s) unlawfully detain same."  On June 22, 2009, Curtis L. Byrd, Jr. filed a motion to dismiss, which alleged the following:

1. Movant is the occupant of the house in question, and is a holdover tenant from a foreclosure brought about by a mortgage debt owed by RD Aldridge.  The mortgage documents make Byrd a tenant at will[.]
2. According to Tennessee law, TCA 66-28-512(b)[2], . . . a tenant at will must be given 30 days notice to vacate before eviction proceedings can begin and specify the periodic rental date in that notice.
3. Movant has not received any notice or request to vacate as of today[.]

---

[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]  The section cited by Mr. Byrd, Tenn. Code Ann. § 66-28-512(b), provides that a "landlord or the tenant may terminate a month-to-month tenancy by a written notice given to the other at least thirty (30) days prior to the periodic rental date specified in the notice."

Mr. Byrd attached to his motion to dismiss a single page from a "Tennessee–Single Family – Fannie Mae/Freddie Mac Uniform Instrument," apparently initialed by Mr. Aldridge, which provided:

> Borrower and Lender further covenant and agree as follows:
> . . . .
> . . . If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at will of the purchaser and hereby agrees to pay the purchaser the reasonable rental value of the Property after sale.

Mr. Byrd also attached an affidavit in which he stated that he had resided at the South Parkway property since November 2008 and that he was currently paying rent of $500 per month to Mr. Aldridge "of Las Vegas, NV." Mr. Byrd further stated that he had not been contacted by the Bank regarding his status as occupant of the house, and he said he had not received any written notice to vacate the property or terminate his tenancy. The affidavit stated, "The first I learned of any foreclosure was upon serving of a suit for possession upon RD Aldridge at the house in question in June 2008."[3]

On July 20, 2009, the General Sessions Court entered a judgment in favor of the Bank, awarding it possession of the South Parkway property. Mr. Byrd then appealed to Circuit Court. Following a hearing, of which we have no transcript, the Circuit Court entered an order in favor of the Bank. The Court's order stated that Mr. Byrd was a tenant of Mr. Aldridge who was living in the South Parkway property when it was purchased by the Bank at the foreclosure sale, and that Mr. Byrd continued to occupy the property. The Court found that the foreclosure sale was validly conducted and that Mr. Byrd had been served with the general sessions detainer warrant. It then found that "by virtue of the proper notification of the foreclosure sale by the substitute trustee and service of the General Sessions Court of Shelby County Detainer Warrant . . . Curtis Byrd was provided with sufficient notice pursuant to the Tenn. Code Ann. § 29-18-113[4] and that the Plaintiff, as owner of the real property, is entitled to a judgment in its favor." Accordingly, the Circuit Court granted the

---

[3] This reference to 2008 was apparently a typographical error, as suit was filed by the Bank in June 2009.

[4] Tennessee Code Annotated section 29-18-113 provides, "No notice to quit need be given by the plaintiff to the defendant, other than the service of this warrant."

Bank judgment for possession and remanded the case to the General Sessions Court for execution of the writ of possession. Mr. Byrd timely filed a notice of appeal.

## II. ISSUES PRESENTED

Mr. Byrd presents the following issues for review on appeal:

1. Whether the general sessions court obtained personal jurisdiction over the appellant;
2. Whether the Bank had a statutory obligation pursuant to Tennessee Code Annotated section 66-28-512(b) to give 30 days notice to the appellant before commencing its suit for possession in general sessions court.

The Bank argues that this appeal is frivolous such that it should be awarded attorney's fees. For the following reasons, we affirm the decision of the circuit court. However, we decline to award attorney's fees to the appellee.

## III. DISCUSSION

### A. Personal Jurisdiction

Mr. Byrd first argues on appeal that the General Sessions Court never obtained in personam jurisdiction because the method of service of process utilized in this case was impermissible under the circumstances. "A court's lack of personal jurisdiction may be waived by a defendant; and, one method of waiver is by making a voluntary 'general appearance' before the court in order to defend the suit on the merits, rather than a 'special appearance' for the purpose of contesting personal jurisdiction." *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994) (citing *Dixie Savings Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988); *Tenn. Dep't of Human Servs. v. Daniel*, 659 S.W.2d 625, 626 (Tenn. Ct. App. 1983)). Because there is nothing in the record to indicate that Mr. Byrd ever raised the issue of personal jurisdiction in either of the lower courts, he has waived the issue on appeal.

### B. Notice

Next, Mr. Byrd argues that he is entitled to relief based upon Tennessee Code Annotated section 66-28-512(b), which provides, "The landlord or the tenant may terminate a month-to-month tenancy by a written notice given to the other at least thirty (30) days prior to the periodic rental date specified in the notice." Mr. Byrd cites no case law in support of his position, but he claims that a "plain reading" of the statute demonstrates that it applies to his "situation." We disagree. The aforementioned statute addresses periodic month-to-

month tenancies. According to the document submitted by Mr. Byrd, he became "a tenant at will" of the purchaser at the foreclosure sale. Again, we do not have a trial transcript, but there is nothing in the record before us to indicate that Mr. Byrd's "situation" involved a periodic month-to-month tenancy. As such, Tennessee Code Annotated section 66-28-512(b) is inapplicable, and it does not entitle him to relief. Because Mr. Byrd cites no other authority and presents no other arguments on appeal, we affirm the decision of the trial court.

### C.    *Attorney's fees on Appeal*

The Bank contends that Mr. Byrd's appeal was frivolous and that it should be awarded its attorney's fees on appeal. The Bank points out that Mr. Byrd cited no cases in support of his position on appeal. However, the Bank did not cite any cases in its brief either. The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. ***Whalum v. Marshall***, 224 S.W.3d 169, 180-81 (Tenn. Ct. App. 2006) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)). In this case, we find it equitable to decline to award attorney's fees on appeal.

### IV.   CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. We also decline to award attorney's fees to the appellee. Costs of this appeal are taxed to the appellant, Curtis L. Byrd, Jr. for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.