IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 4, 2016

**IN RE LUCIUS H.**

**Appeal from the Juvenile Court for Wilson County**
**No. 15JV725 John Thomas Gwin, Judge**

_____

**No. M2016-00534-COA-R3-JV – Filed October 31, 2016**

_____

This is a Title IV-D child support and paternity case. Appellant/Father appeals the trial court's order on paternity and child support. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal of Right; Judgment of the Juvenile Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Cameron W. B., Lebanon, Tennessee, Appellant, *pro se*.

Herbert H. Slattery III, Attorney General and Reporter; M. Cameron Himes, Assistant Attorney General, General Civil Division, for the Appellee, State of Tennessee *ex. rel.* Amy C. H.

**OPINION**

**I. Background**

On November 20, 2015, the State of Tennessee *ex. rel.* Amy C. H. ("Appellee") filed a petition against Cameron B. ("Appellant") to establish paternity of the child, Lucius H.[1] The petition, which was filed in the Wilson County Juvenile Court ("trial court"), sought an order

---

[1] In cases involving a minor child, it is this Court's policy to redact names in order to protect the child's identity. In this case, in order to preserve both clarity and the anonymity of the child, we will redact the names of individuals sharing the child's surname and will refer to those individuals by their given name and the first letter of their surname.

requiring Appellant to: (1) pay current and retroactive child support; (2) provide medical insurance for Lucius H.; and (3) pay the costs of the birth of the child and other expenses.[2]

On November 30, 2015, Appellant, acting *pro se*, filed several documents.[3] The trial court treated these filings as Appellant's answer to the petition. In reviewing Appellant's filings, it appears that he argues for dismissal of Appellee's petition on the grounds of: (1) lack of personal jurisdiction; (2) estoppel under the Uniform Commercial Code, section 1-308; (3) violation of constitutional rights, which Appellant does not enumerate; (4) fraudulent filing of the petition; (5) fraud on the part of the State; and (6) Amy H.'s unilateral decision not to terminate the pregnancy.

On January 13, 2016, Appellant filed a "Petition to Vacate Order," which the trial court treated as a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss Appellee's petition (the trial court did not specify which of Appellee's petitions, child support or paternity, Appellant sought to dismiss). Regardless, the trial court denied Appellant's Rule 12.02(6) motion and, on February 2, 2016, entered an order of paternity, finding that "[Appellant] admitted, under oath, that he is the biological father of the minor child, Lucius H...."

Appellee's petition for child support was heard on February 10, 2016.[4] Prior to the February 10, 2016 hearing, Appellant and Ms. H. completed a Tennessee Department of Human Services child support worksheet. On February 19, 2016, the trial court entered an order on child support. Therein, the trial court addressed the numerous arguments Appellant raised in his answer to the Appellee's petition. In relevant part, the trial court found:

1. In paragraph (1) of Respondent's Answer he claims he is entering a limited appearance before the Court for purposes of contesting personal jurisdiction over Respondent. However, the Court finds that paragraphs (1) through (8) of Respondent's Answer are asserting defenses against being placed under a child support order.

---

[2] Contrary to Appellant's argument in his brief, the Appellee's petition was "verified." It contains the following oath: "I, the undersigned, having been duly sworn, make oath that the information in the foregoing Petition to Establish Paternity is true to the best of my knowledge, information and belief." Accordingly, we conclude that the petition was valid on its face.

[3] In these documents, Appellant argues that service was improper and made at the wrong address. However, in his filings, Appellant signs his name and provides the same address that is used in Appellee's petition, i.e., the address where Appellee served process. Because Appellant timely answered the petition and used the same address as Appellee, we can only conclude that he was, in fact, properly served at the address with the petition.

[4] Contrary to Appellant's argument, there is no indication in the record that Appellant was denied due process. Rather, he was provided notice of the hearing; he attended the hearing and had an opportunity to present his case.

The Tennessee legislature has made direct provisions for jurisdiction in paternity actions. T.C.A. 36-2-307 provides these actions may be brought in the county where the minor child resides or where the Respondent resides. In this case, Wilson County is the proper jurisdiction for the paternity action. Further, the Tennessee Constitution provides parents have a joint duty and responsibility to provide for the necessities of their children until emancipation as codified in T.C.A. 34-1-102(a) and (b).

2. In paragraph (2) of Respondent's Answer he asserts this Court does not have any Power of Attorney to act on behalf of Respondent under the UCC. The Uniform Commercial Code applies to commercial transactions and has no application or impact upon the birth and statutory support of minor child.

3. In paragraph (3) of Respondent's Answer he asserts the filing of this paternity action is fraudulent and an attempt to extort revenue from Respondent. This argument is without merit. The application of the Tennessee Constitution and statutes by the filing of a paternity suit does not constitute either fraud or extortion. If Respondent takes offense at the specific provisions of the statutes of Tennessee, his complaint would be with the Tennessee General Assembly.

4. In paragraph (4) of Respondent's Answer he asserts he is not operating as a resident alien, a juristic person or a U.S. Citizen and is not subject to administrative tribunals. By fathering this minor child, Respondent has submitted himself to the venue of this Court under T.C.A. 36-5-307(b). Respondent further has the duty under the Tennessee Constitution to financially support this child.

5. In paragraph (5) of Respondent's Answer he asserts the Corporate State of Tennessee cannot compel him to enter into a voluntary contract against his will. The State of Tennessee is not requesting Respondent to enter into a contact but is enforcing, on behalf of Amy C. Hudson, the laws of Tennessee as they relate to the care of and legal responsibility for this minor child.

6. In paragraph (6) of Respondent's Answer he asserts that "probable cause" must be found before he is summoned to Court. A paternity action is a civil matter, not a criminal matter. Probable cause does not apply in a civil matter.

7. In paragraph (7) of Respondent's Answer he asserts the parties had a verbal

agreement/contract to not have children. The Court finds that paternity of a child is not contractual and the Tennessee Constitution and statutes set forth the obligation of parents to provide for their minor children.

8.  In paragraph (8) of Respondent's Answer he asserts that Petitioner made false charges to obtain an Order of Protection against him. The Order of Protection is res judicata unless appealed. There is no nexus between fraud in an Order of Protection and the needs of this minor child. Any remedies for the Order of Protection can be taken in the General Sessions Family Court.

The trial court ordered Appellant to pay $274.00 per month in child support. The trial court also ordered Appellant to pay retroactive child support in the amount of $3,014.00 plus interest, to be paid at the rate of $100.00 per month. The trial court further ordered that, if Appellant's employer offers health insurance coverage, he must provide such coverage to Lucius H., and Appellant shall be responsible for fifty-two percent of any medical, dental, or hospitalization expenses for Lucius H. that are not covered by insurance. Appellant appeals.

## II.  Issues

From Appellant's brief, we perceive that there are three dispositive issues, which we state as follows:

1.  Whether the trial court properly exercised jurisdiction in the paternity and child support action.
2.  Whether the trial court properly determined paternity of Lucius H.[5]
3.  Whether the trial court erred in awarding the amount of child support, retroactive child support, and medical support.

## III.  Standard of Review

We first note that we are cognizant of the fact that Appellant represented himself throughout these proceedings. That being said, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997).

---

[5] Father did not raise this issue in his appellate brief but raised it throughout trial; Appellee responded to this issue in the brief. Accordingly, we will address it.

Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Turning to the standard of review,

> [i]n a non-jury case such as this one, appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. We review the trial court's resolution of questions of law de novo, with no presumption of correctness.

*Kelly v. Kelly*, 445 S.W.3d 685, 691-92 (Tenn. 2014) (citing Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013)). In *Richardson v. Spanos*, 189 S.W.3d 720 (Tenn. Ct. App.2005), this Court discussed the standard of review governing child support cases as follows:

> Because child support decisions retain an element of discretion, we review them using the deferential "abuse of discretion" standard. This standard is a review-constraining standard of review that calls for less intense appellate review and, therefore, less likelihood that the trial court's decision will be reversed.

*Richardson*, 189 S.W.3d at 725. A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

### IV. Analysis

### A. Jurisdiction of the Trial Court

Appellant contests the trial court's jurisdiction, arguing that "[n]either subject [matter] nor personal jurisdiction was ever proven at trial after being challenged In Propria Persona under Uniform Commercial Code."

Tennessee Code Annotated Section 36-2-307 provides

> (a)(1) [t]he juvenile court or any trial court with general jurisdiction shall have jurisdiction of [a parentage action]….

(2) The court shall have statewide jurisdiction over the parties involved in the case.

(b) Any minimum contact relevant to a child's being born out of wedlock that meets constitutional standards shall be sufficient to establish the jurisdiction of the courts of Tennessee over the parents for an action under this chapter. Any conduct in Tennessee that results in conception of a child born out of wedlock shall be deemed sufficient contact to submit the parents to the jurisdiction of the courts of Tennessee for action under this chapter.

(c)(1) The complaint may be filed in the county where the father resides or is found, the county where the mother resides or is found, or the county in which the child resides or is present when the application is made.

Tenn. Code Ann. § 36-2-307. There is no dispute that Appellant, Ms. H., and Lucius H. all reside in Wilson County. Accordingly, jurisdiction and venue are proper in Wilson County, pursuant to the foregoing statute. Additionally, according to the trial court's order establishing paternity, Appellant admitted, under oath, that he is the child's biological father, and he declined and waived genetic testing.[6] A party who appears before the trial court and does not object to the court's personal jurisdiction will be deemed to have waived the party's objection. *Tennessee Dep't. of Human Serv's v. Daniel*, 659 S.W.2d 625, 626 (Tenn. Ct. App. 1983). Although, in his answer, Appellant contests the trial court's jurisdiction over him, it is undisputed that Appellant admitted, under oath, that he is Lucius H.'s biological father. Appellant's personal jurisdiction argument is negated by this admission, as it is well-settled that "a defendant makes a general appearance, thereby consenting to the jurisdiction of the court over his person, by acting in a manner inconsistent with the claim of absence of jurisdiction." *Matter of Grosfelt*, 718 S.W.2d 670, 672 (Tenn. Ct. App. 1986). In other words, Appellant's presence in court, coupled with his admission, under oath, that he is the biological father of the child are actions inconsistent with a lack of personal jurisdiction claim. Accordingly, we conclude that the trial court properly exercised jurisdiction over the parties in this paternity and child support action.

## B. Paternity

As discussed above, Appellant admitted that he is Lucius H.'s biological father. In his arguments contesting the trial court's finding of paternity, Appellant cites the Uniform Commercial Code. As correctly noted by the trial court, the Uniform Commercial Code only applies to various types of commercial contracts and transactions. Issues of paternity and child support are not governed by the Uniform Commercial Code; accordingly, any of Appellant's arguments that rely on the Uniform Commercial Code are misplaced and cannot

---

[6] No transcript was filed in this matter; instead, both parties filed competing statements of evidence. On May 17, 2016, the trial court ordered that Appellee's statement of evidence was adopted and approved by the court. This ruling is not appealed.

form a basis for reversal in this appeal. Aside from the Uniform Commercial Code averments, the only evidence is Appellant's admission of paternity. Based on this admission, we conclude that the trial court properly established Appellant's paternity.

## C. Child Support

Parents of a minor child have a legal duty to support their children, regardless of the parents' marital status. Tenn. Code Ann. § 34-1-102(a) ("Parents are the joint natural guardians of their minor children, and are equally and jointly charged with their care, nurture, welfare, education and support…."). Although Appellant argues that Ms. H. had a child "against [Appellant's] will, wishes[,] and verbal agreement, entered into prior to conception," this Court has held that

> [a] father's beliefs concerning his responsibility for a child are irrelevant in cases of this sort. It is neither uncommon nor unexpected for a father to be disinclined to support a child he believes is not his. However, once paternity is established, the obligation to provide support exists notwithstanding the father's belief that the child is not his or the fact that, either by choice or by circumstance, he has not been a part of the child's life.

*State ex. rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). Likewise, in the case of *Sorrel v. Henson*, the subject child's biological father argued that he should not be responsible for child support because the father did not consent to the birth of the child. *Sorrel v. Henson*, No. 02A01-9609-JV-00212, 1998 WL 886561, at *1-3 (Tenn. Ct. App. Dec. 18, 1998). This Court affirmed the juvenile court's determination of paternity, finding that "[p]rocreational autonomy, however, is irrelevant to paternity actions…. Tennessee paternity actions do not abridge one's right to determine whether to procreate, but involve cases where procreation has resulted from the private acts of the biological parents." *Id.* at *3 (internal citations omitted). When paternity is established for a child born out wedlock, the father is required to provide support for the child's benefit. Tenn. Code Ann. § 36-2-311; *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). As Lucius H.'s biological father, Appellant must pay child support, both prospective and retroactive.

As to the amount of child support, Tennessee Code Annotated Section 36-5-101(e) provides, in relevant part:

> In making the court's determination concerning the amount of support of any minor child or children of the parties, the court shall apply, as a rebuttable presumption, the child support guidelines, as provided in this subsection (e). If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for

the best interest of the child or children, or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

To determine the amount of child support, the trial court relied on the Child Support worksheet completed by Ms. H. and Appellant. The Tennessee Child Support Guidelines instruct that "[t]he use of the Worksheets promulgated by the Department [of Human Services, Child Support Services Division] is mandatory in order to ensure uniformity in the calculation of child support awards pursuant to the rules." Tenn. Comp. R. & Regs. 1240-02-04-.04. Here, the trial court ordered the amount of child support provided in the child support guidelines, and there is no countervailing evidence to indicate that the guidelines were improperly applied. Accordingly, we affirm the award of child support and amount thereof.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Cameron W. B. Because Mr. B. is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE