IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2003 Session

**JOHN DOE, ET AL. V. BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE, ET AL.**

**Rule 23 Certified Question of Law
United States District Court for the Western District of Tennessee**

**Hon. Julia Smith Gibbons, Judge**

_____

**No. M2002-02076-SC-R23-CQ - Filed May 8, 2003**
_____

Pursuant to Tennessee Supreme Court Rule 23, we accepted certification of questions of law from the United States District Court for the Western District of Tennessee. We are asked by the federal district court to construe Rule 9, section 25 of the Rules of the Supreme Court of Tennessee. Specifically, we are asked to determine whether Richard Roe, a layperson (i.e., a non-attorney), may be charged with contempt for disclosing that he filed a complaint with the Tennessee Board of Professional Responsibility against an attorney in violation of the confidentiality provision embodied in Rule 9, section 25, and if so, by whom and before what tribunal? For the reasons given herein, we answer that the confidentiality requirement of Rule 9, section 25 applies to non-lawyers and lawyers alike. The appropriate sanction for a violation of Rule 9, section 25 is an action of contempt. Contempt proceedings may be initiated by the attorney against whom the complaint has been filed, the complainant, the Board of Professional Responsibility, or this Court. Finally, we hold that such a petition for contempt should be filed in this Court, whereupon assignment shall issue to a special master to conduct an evidentiary hearing. The record and findings of fact of the special master shall then be sent to this Court whereupon a determination of guilt and punishment, if any, will follow.

**Tenn. Sup. Ct. R. 23 Certified Question of Law**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., AND E. RILEY ANDERSON, JANICE M. HOLDER, JJ, AND BEN H. CANTRELL, SP.J. joined.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Michael W. Catalano, Associate Solicitor General, for the petitioner, Board of Professional Responsibility of the State of Tennessee.

Ronald D. Krelstein, Germantown, Tennessee, for the respondent, Richard Roe, et al.

## OPINION

## FACTUAL BACKGROUND

This case presents an issue of first impression in Tennessee, requiring this Court to construe Rule 9, section 25 of the Rules of the Tennessee Supreme Court. The action giving rise to this Rule 23 certified question began when Richard Roe, a layperson residing in Tennessee, and another individual filed an action for declaratory judgment and injunctive relief in the United States District Court for the Western District of Tennessee.[1] The named defendants are the Board of Professional Responsibility (the "Board") and individual Board members in their official capacities. In that suit, Roe asserts that section 25 of Rule 9 of the Tennessee Supreme Court is an unconstitutional prior restraint of his freedom of speech and expression guaranteed by the First and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Tennessee Constitution. Section 25 of Rule 9 requires that all proceedings involving allegations of misconduct by an attorney be kept confidential, and that all participants in the proceeding conduct themselves so as to maintain the confidentiality of the proceeding. The Board has filed a motion to dismiss the federal complaint stating that the respondent lacks standing to bring suit. The district court deferred ruling on the Board's motion to dismiss until this Court responded to the order for certification.

The underlying facts giving rise to Roe's declaratory judgment action are as follows: Roe, who is not an attorney, filed a complaint with the Board of Professional Responsibility against an attorney. Roe desires to speak or write publicly about his complaint and the manner in which the Board investigates such complaints. Roe contends, however, that to do so would violate section 25 of Rule 9 and expose him to the risk of being cited for contempt.

The district court determined that the issue presented a novel question under Tennessee law and that certification was warranted. The Rule 23 certification order filed in this Court asks us to decide whether Richard Roe, a layperson (i.e., a non-attorney), may be charged with contempt for disclosing that he filed a complaint with the Tennessee Board of Professional Responsibility against an attorney in violation of Rule 9, section 25, and if so, by whom and before what tribunal? We accepted the certification of these questions.

## STANDARD OF REVIEW

---

[1] The claims of the other individual, John Doe, an attorney, were dismissed by the district court without prejudice, and John Doe is not a party to this Rule 23 proceeding.

In construing Rule 9 of the Rules of the Tennessee Supreme Court, we are confronted with an issue of first impression. There are well-established and well-known rules of construction which we apply when interpreting statutes enacted by legislative bodies. In addition, we have also applied "these general rules of statutory construction to rules and regulations drafted by administrative agencies pursuant to a legislative delegation of power." Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 679 (Tenn. 2002) (citing Consumer Advocate Div. v. Greer, 967 S.W.2d 759, 762 (Tenn. 1998)). Importantly, however, the rule at issue in this case was not drafted by a legislative body or administrative agency. It was drafted by this Court. Upon due consideration, we conclude that it is prudent for this Court to likewise apply the traditional rules of statutory construction to Rule 9 of the Rules of the Tennessee Supreme Court. Accordingly, this Court's role in statutory construction is to ascertain and "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Aramark, 90 S.W.3d at 678 (quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)); see also State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000); State v. Butler, 980 S.W.2d 359, 362 (Tenn. 1998). We determine intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." Flemming, 19 S.W.3d at 197 (citing Butler, 980 S.W.2d at 362). Moreover, we have consistently held that "in construing a statute, all sections are to be construed together in light of the general purpose and plan." State v. Netto, 486 S.W.2d 725, 729 (Tenn. 1972). Furthermore, the rules of statutory construction direct us not to "apply a particular interpretation to a statute if that interpretation would yield an absurd result." State v. Sims, 45 S.W.3d 1, 11 (Tenn. 2001) (quoting Flemming, 19 S.W.3d at 197).

**DISCUSSION**

The fundamental question in this case is one of personal jurisdiction. Because we are the court of last resort in this State, we possess the "'inherent supervisory power to regulate the practice of law'" in Tennessee. Brown v. Bd. of Prof'l Responsibility, 29 S.W.3d 445, 449 (Tenn. 2000) (quoting In re Burson, 909 S.W.2d 768, 773 (Tenn. 1995)). In furtherance of our duty to regulate the practice of law in Tennessee, we issue licenses to those whom we deem qualified to engage in the practice of law, and, when appropriate, discipline attorneys who violate the rules governing the legal profession. It is, therefore, beyond dispute that all licensed attorneys within Tennessee are subject to the jurisdiction of this Court, and its agent, the Board of Professional Responsibility. The Board is charged under Rule 9 with investigating any alleged ground for discipline or alleged incapacity of any attorney, and to take appropriate action to effectuate the purposes of the disciplinary rules. However, in this case, we are confronted with a layperson complainant alleging attorney misconduct. The question thus becomes whether or not, and to what extent, a layperson complainant is or may become subject to the jurisdiction of the Board, and ultimately this Court.

### *Rule 9 Section 25 of the Rules of the Tennessee Supreme Court*

The Board is charged under Rule 9 with investigating attorney misconduct and disciplining,

or requesting discipline by this Court for, attorneys found to have violated standards of professional conduct. One principal feature of the Board's authority when conducting investigations is that the information and charges are to remain confidential pursuant to section 25 of Rule 9. Section 25 provides in part that:

> *[a]ll proceedings involving allegations of misconduct by or the disability of an attorney*, including all information, records, minutes, files or other documents of the Board, Hearing Committee Members and Disciplinary Counsel are deemed to be non-public records. All such information, records, minutes, files or other documents shall be kept confidential and privileged until and unless: (a) a recommendation for the imposition of public discipline is filed with the Supreme Court by the Board; or (b) the respondent-attorney requests that the matter be public; or (c) the investigation is predicated upon conviction of the respondent-attorney for a crime; or (d) in matters involving alleged disability, this Court enters an order transferring the respondent-attorney to disability inactive status pursuant to Section 21. In those disciplinary proceedings in which judicial review is sought pursuant to Section 1.3, the records and hearing in the Circuit or Chancery Court and in this Court shall be public to the same extent as other cases. *All participants in the proceeding shall conduct themselves so as to maintain the confidentiality of the proceeding*.

(emphasis added).

### *Personal Jurisdiction Over a Layperson Complainant*

In the federal declaratory judgment action, the State argues that Roe, the plaintiff therein, lacks standing to maintain that suit. The State maintains that although Roe has filed a complaint alleging attorney misconduct with the Board of Professional Responsibility, he does not become a "participant in a proceeding," and thus subject to the jurisdiction of the Board, until such time as a "formal proceeding" may commence. Thus, despite the fact that a complaint has been filed, the Board contends that there is no "proceeding" until an investigation regarding the merits of the complaint has been completed and "formal disciplinary proceedings" commence.

Conversely, Roe argues that by filing a complaint alleging attorney misconduct in accordance with the procedural guidelines of Rule 9, he voluntarily subjected himself to the jurisdiction of the Board and this Court. Roe makes no distinction between the filing of a complaint with the Board and the filing of a complaint with a court of law in this State. We agree with Roe. When an individual seeks affirmative relief from a tribunal, or acts in a manner inconsistent with the claim of absence of jurisdiction, he is said to consent to the jurisdiction of that tribunal. See Tenn. Dep't. of Human Servs. v. Daniel, 659 S.W.2d 625, 626 (Tenn. Ct. App. 1983). Accordingly, we hold that the Board obtained personal jurisdiction over Roe when he filed his complaint alleging attorney misconduct. At that point the Board obtained authority to require Roe, the layperson, to comply with

all requirements of Rule 9 of the Rules of the Tennessee Supreme Court.

### *Contempt For Violating Section 25 of Rule 9*

Having concluded that Roe became subject to the personal jurisdiction of the Board by filing a complaint alleging attorney misconduct, we must next determine if he is now in jeopardy of being held in contempt if he violates the confidentiality requirement of section 25 of Rule 9.

It is fundamental that one may not be held in contempt unless he or she violates a specific order of a tribunal properly having jurisdiction of that person. See Daniel, 659 S.W.2d at 626; Branch v. Branch, 249 S.W.2d 581, 582 (Tenn. Ct. App. 1952). Roe argues that he is in jeopardy of being held in contempt if he violates the confidentiality requirement of section 25 because he believes it to be a standing order of this Court, the violation of which is a contemptuous offense. On the other hand, the Board maintains that section 25 is merely a rule, not a specific order, the violation of which does not subject one to a contempt proceeding. The Board contends that Roe may only be in jeopardy of contempt should the investigation of the facts surrounding his complaint of attorney misconduct result in the initiation of a "formal proceeding" pursuant to section 8 of Rule 9. Section 8 provides in relevant part that:

> [a]ll investigations, whether upon complaint or otherwise, shall be initiated by the Board, acting through its Chair or Vice-Chair, and conducted by Disciplinary Counsel. Upon the conclusion of an investigation, Disciplinary Counsel may recommend dismissal, informal admonition of the attorney concerned or a private reprimand, public censure or prosecution of formal charges before a hearing committee. . . . If the recommended disposition is private reprimand, public censure, or prosecution of formal charges before a hearing committee, the Board shall review the recommendation and approve or modify it. The Board may determine whether a matter should be concluded by dismissal, or informal admonition; may recommend a private reprimand or public censure; or, direct that a *formal proceeding* be instituted before a hearing committee in the appropriate Disciplinary District and assign it to a hearing committee for that purpose.

(Emphasis added). Section 8.2 of Rule 9 further states that "*[f]ormal disciplinary proceedings* before a hearing committee shall be instituted by Disciplinary Counsel by filing with the Board a petition which shall be sufficiently clear and specific to inform the respondent of the alleged misconduct." (Emphasis added).

The Board correctly maintains that if a formal proceeding as described in section 8 commences, it is authorized under section 13.1 of Rule 9 to obtain subpoenas from the circuit or chancery courts of this state.[2] Subpoenas issued in connection with a confidential investigation

---

[2] Specifically, section 13.1 of Rule 9 grants the hearing committee and/or the Disciplinary Counsel of the Board the authority to "obtain from the circuit or chancery court

5

compel the appearance of witnesses to give evidence in such formal proceedings. The Board takes the position that until a subpoena has issued to Roe, he is under no order from the Board or a court, and may not be held in contempt for any breach of confidentiality. Thus, despite the plain wording of section 25, mandating confidentiality in "*all* proceedings," the Board would have us hold that the confidentiality requirement applies only in practicable and enforceable terms to *formal* proceedings. We reject such an interpretation.

We find section 25 of Rule 9 to be unambiguous. The essence of the Rule mandates that until one of the enumerated events occur: (1) all proceedings surrounding allegations of misconduct by an attorney be "kept confidential," and (2) "all participants in the proceeding shall conduct themselves so as to maintain the confidentiality of the proceeding." To accept the Board's argument would eviscerate the reasons underlying confidentiality. The purposes underlying confidentiality are obvious. Foremost, the rule serves to protect both the complainant from possible recriminations and the attorney from unsubstantiated charges while a thorough investigation is conducted. Moreover, removing or unnecessarily qualifying the confidentiality requirement would eliminate many sources of information and reduce complaints received by the Board from lay citizens, litigants, lawyers, and judges. Finally, the rule serves to protect public confidence in the judicial system by preventing disclosure of a charge until the directives of section 25 are satisfied.

Under the Board's interpretation of the Rule, layperson complainants could violate section 25 with impunity, and would be subject to punishment for violations only in the event that confidentiality were violated after a formal proceeding commenced. In a manner of speaking, the horse would be out of the barn well after the barn door is required to be shut. Clearly, Rule 9, when viewed in its entirety, was never intended to lead to such a result. Accordingly, we hold that Roe became a "participant in a proceeding," thus subject to the personal jurisdiction of the Board, upon the filing of his complaint alleging attorney misconduct. Moreover, should Roe violate the confidentiality requirement of section 25 of Rule 9, which we consider a standing order of this Court, he is in jeopardy of being found in contempt.

### *The Procedure and Forum For Contempt Proceedings*

The second and third portions of the certified question from the district court ask us to determine who may bring an action for contempt, and the appropriate tribunal wherein an action of contempt for a violation of Rule 9, section 25 may be heard. We begin by setting forth the relationship between the Board and this Court. Rule 9 of the Rules of the Supreme Court, among other things, established the Board of Professional Responsibility. The Board, its authority, and all of its functions are derived from the Supreme Court. Fletcher v. Board of Professional Responsibility, 915 S.W.2d 448, 450 (Tenn. Ct. App. 1995). As such, the Board of Professional Responsibility is an agent of the Supreme Court. In re Youngblood, 895 S.W.2d 322, 325 (Tenn. 1995). The Supreme Court has jurisdiction to review the actions of the Board. Id. This jurisdiction is "grounded in the Court's inherent power to review the actions of its boards, commissions, and other agencies." Id. Despite the broad powers granted to the Board under Rule 9, they are not

having jurisdiction, subpoenas to compel the attendance of witnesses . . ."

without limit. For instance, the Board does not have the power to hold an individual in contempt. Indeed, only "[t]he courts of Tennessee have inherent authority to order punishment for acts of contempt." Reed v. Hamilton, 39 S.W.3d 115, 117 (Tenn. Ct. App. 2000) (perm. app. denied February 12, 2001) (citing Black v. Blount, 938 S.W.2d 394, 397 (Tenn. 1996); Thigpen v. Thigpen, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993)). However, courts may only punish as contemptuous the types of acts described in Tennessee Code Annotated section 29-9-102. See Black, 938 S.W.2d at 397-98; State v. Turner, 914 S.W.2d 951, 955 (Tenn. Crim. App. 1995). Section 29-9-102 provides:

> [t]he *power of the several courts* to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases: (1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice; (2) The willful misbehavior of any of the officers of such courts, in their official transactions; (3) The *willful disobedience* or resistance of any officer of the [sic] such courts, party, juror, witness, *or any other person, to any lawful writ, process, order, rule, decree, or command of such courts*; (4) Abuse of, or unlawful interference with, the process or proceedings of the court; (5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them; or (6) Any other act or omission declared a contempt by law.

(Emphasis added).

The plain language of section 29-9-102(3) states that the willful disobedience of a lawful rule of a court of this State may be considered a contemptuous act. In that respect, the language of Rule 9, section 13.2 is instructive. This provision states that a violation of the confidentiality requirement *"is regarded as contempt of the Supreme Court."* (Emphasis added). The foregoing provisions are unambiguous. Any person, including a non-lawyer such as the respondent, who violates the confidentiality mandate embodied in section 25 of Rule 9 may be charged with contempt. To hold otherwise would undermine the confidentiality of the proceedings and invite willful disregard of this Court's inherent authority to regulate the practice of law.

Having determined that an action for contempt is the appropriate sanction for a violation of Rule 9, section 25, we necessarily distinguish between civil and criminal contempt in order to definitively state who may bring such an action. We have on numerous occasions stated that a contempt may either be civil or criminal in nature. See Wilson v. Wilson, 984 S.W.2d 898, 906 (Tenn. 1998) (Birch, J., dissenting); Black, 938 S.W.2d at 398-401; Turner, 914 S.W.2d at 954. Civil contempt occurs when a person does not comply with a court order and an action is brought by a private party to enforce rights under the order that has been violated. See Black, 938 S.W.2d at 398; Robinson v. Air Draulics Eng'g Co., 377 S.W.2d 908, 912 (Tenn. 1964); Turner, 914 S.W.2d at 995. Punishment for civil contempt is designed to coerce compliance with the court's order and is imposed at the insistence and for the benefit of the private party who has suffered a violation of rights. See Black, 938 S.W.2d at 398; Turner 914 S.W.2d at 955; Sherrod v. Wix, 849 S.W.2d 780,

786 n.4 (Tenn. Ct. App. 1992). Also, in civil contempt cases, the quantum of proof necessary to convict is a preponderance of the evidence. On the other hand, criminal contempts are "intended to preserve the power and vindicate the dignity and authority of the law, and the court as an organ of society." Black, 938 S.W.2d at 398. Punishment for criminal contempt is both punitive and unconditional in nature and serves to adjudicate "an issue between the public and the accused." Id. In criminal contempt proceedings, the defendant is presumed to be innocent and must be proven guilty beyond a reasonable doubt. See Shiflet v. State, 400 S.W.2d 542, 543 (Tenn. 1966).

Therefore, in accord with well-established case law of this State, we hold that a charge of contempt arising from a violation of Rule 9, section 25 is criminal in nature and may be brought by the complainant or respondent whose rights of confidentiality have been violated. Additionally, the Supreme Court of Tennessee, or its agent the Board, may bring an action for contempt to vindicate "the dignity and authority" of the Supreme Court, our rules, and orders.

Finally, we address the appropriate forum wherein an action for contempt may be brought. At the outset, it is necessary to reiterate that "[w]e are not fact finders and do not assess the credibility of the testimony or weight of the evidence." State v. Flake, 88 S.W.3d 540, 553 (Tenn. 2002). This responsibility rests with the trial courts of this State and the juries empowered thereunder. However, as the Court of Appeals stated in State v. Gray, 46 S.W.3d 749, 750 (Tenn. Ct. App. 2000) (perm. app. denied April 16, 2001), the general contempt statute does not "deal with the question of whether a court may punish contempts of another court's order." As a general rule, "the power to punish for contempt is reserved to the court against which the contempt is committed, i.e. the court whose order is disobeyed." Gray, 46 S.W.3d at 750 (citing Chaffin v. Robinson, 213 S.W.2d 32 (Tenn. 1948)). Thus, "[o]ne tribunal may not punish for contempt of another." Chaffin, 213 S.W.2d at 32. Additionally, a contempt proceeding is sui generis and is considered incidental to the case out of which it arises, and often stems from an underlying proceeding that is not complete. See Bowdon v. Bowdon, 278 S.W.2d 670, 672 (Tenn. 1955); Graham v. Williamson, 164 S.W. 781, 782 (Tenn. 1914); Hall v. Hall, 772 S.W.2d 432, 435-36 (Tenn. Ct. App. 1989).

In light of the foregoing principles, we hold that the formal charge of contempt against a person in violation of Rule 9, section 25 shall be filed in this Court. Upon receipt, this Court shall appoint a special master who shall conduct an evidentiary hearing, make findings of fact, and return the record and its findings to this Court. Upon review, this Court shall make a determination as to whether a contemptuous act has been committed and what, if any, punishment will follow.

**CONCLUSION**

The confidentiality requirement embodied in Rule 9, section 25 of the Rules of the Supreme Court of Tennessee applies to a layperson, such as the respondent, who files a complaint against an attorney with the Board. An appropriate sanction for a violation of section 25 is an action for contempt. An action for contempt may be initiated by any person whose rights under Rule 9, section 25 have been violated. Additionally, the Supreme Court, or its agency the Board of Professional Responsibility, may pursue an action for contempt in order to vindicate the authority of its rules and

orders.  Finally, we hold that a charge of contempt is to be filed first with this Court whereupon assignment shall issue to special master to make findings of fact.  Thereafter, the record shall be returned to this Court, and we shall make a determination as to whether a contemptuous act has been committed and what, if any, punishment will follow.

Costs in this Court are assessed against the appellant, the Board of Professional Responsibility.

_____
WILLIAM M. BARKER, JUSTICE