IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, May 21, 2004


# TODD HILLMAN RICE v. MICHELLE E. RICE


**Direct Appeal from the Circuit Court for Sevier County**
**No. 2002-OP-24     Hon. Richard R. Vance, Circuit Judge**

---

**No. E2003-01336-COA-R3-CV - FILED JULY 29, 2004**

---

The Trial Court convicted respondent on "six counts" of contempt.  On appeal, we hold evidence supports only one count of contempt.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part.**


HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.


M. Jeffrey Whitt, Knoxville, Tennessee, for Appellant.

Tiffany L. Deaderick, Knoxville, Tennessee, for Appellee.



**OPINION**

On February 5, 2002, the Trial Court entered an ex parte Order of Protection against Todd Hillman Rice, at the instance of Michelle D. Rice. The Trial Court set a hearing on the Temporary Order for February 12, 2002, at 9:00 a.m.

On April 8, 2002, the Trial Court entered an Order of Protection, which stated;

The Court hereby finds: that it has jurisdiction over the parties and subject matter,

and the respondent has been provided with reasonable notice and opportunity to be heard. Additional findings of this Order are set forth below.

The Court hereby orders that the above-named respondent be restrained from committing further acts of abuse or threats of abuse against petitioner or petitioner's minor children. That the above-named respondent be restrained from any contact with the petitioner/plaintiff. Additional terms of this Order are set forth below.

The terms of this Order shall be effective until April 8, 2002 [sic].

The Order is a form Order and had several provisions that were only applicable if the box was checked. The only box checked on the four page Order was:

Respondent shall pay $762.00 per month for the support of the parties' minor child[ren], the payments to be made to the Clerk's office, together with the Clerk's lawful fee of five percent (5%) [ten percent 10% in counties having a population of more than seven hundred thousand (700,000) according to the 1990 federal census or any subsequent federal census] ($____), for a total payment of $_____ per _____. Wage assignment shall issue when applicable.

On February 18, 2003, Michelle D. Rice petitioned the Court to hold the respondent in contempt, charging "continuing calls, filling up the voice mail (which holds 55), Saturday February 15, he was arrested for breaking the Order of Protection. He was in the parking lot of petitioner's residence video-taping and watching, continually driving past. He called and said 'you're car is there, I know you're home.'" Following an evidentiary hearing, the Trial Court entered an Order "Six violations - 60 days in jail - $300.00 fine plus costs ($50.00 for each violation)." The defendant filed a Notice of Appeal from that Judgment on May 28, 2003.

On August 11, 2003, the Trial Court entered another Order that provided "that the respondent is convicted of six counts of contempt. The respondent is sentenced to sixty (60) consecutive days incarceration in the Sevier County Jail and is fined fifty dollars ($50.00) for each count of contempt for violating the petitioner's Order of Protection." The Order was signed on August 11, *nunc pro tunc*, on May 28, 2003.

Defendant raises these issues on appeal:

1.  Whether respond/appellant can be found guilty of violating at Order of Protection that by its terms was to expire on the same day it was issued?

2.  Whether the evidence is sufficient to support the Trial Court's finding the respondent/appellant guilty of six counts of criminal contempt for violation of an order of protection.

3. Whether the fact that the respondent/appellant was acting on advice of counsel in contacting the petitioner/appellee by telephone should mitigate the punishment imposed by the Trial Court.

4. Whether the respondent/appellant's mistaken belief that the Order of Protection did not prohibit his contacting petitioner/appellee by telephone should be considered in mitigation of the punishment imposed by the Trial Court.

The transcript of evidence before this Court is in the form of "stipulation of testimony" in summary form, which we quote:

The petitioner, Michelle Rice, testified that on the weekend of February 14, 2003, visitation was scheduled for Mr. Todd Rice. Petitioner stated that she received a call from the Respondent's mother on February 12, 3003, advising her that the scheduled visitation in Virginia would not be held, and to be rescheduled to a later time. Further, Ms. Rice testified that she received numerous phone calls, more than 10, on Saturday, February 15, 2003, which were placed to her by the Respondent. Later that day, she called the Sevier County Sheriff's Department who subsequently observed Respondent driving one block from the Petitioner's residence and stopped and arrested him.

Additionally, Ms. Rice testified that approximately in the Fall of 2002, the parties' respective counsel in Virginia advised them to begin talking by telephone in an attempt to work through their problems for the benefit of the parties' children. The parties tried this for a few days, but no positive results occurred. According to Ms. Rice, Respondent placed calls to her and left her messages on and off during 2002-2003. She said that sometime during 2002, the Respondent's mother gave her a cellular phone, paid for by the Respondent's father, for the purpose of allowing the children to communicate with the Respondent and the paternal grandparents. The parties did not speak directly to one another, nor did they see one another.

The Respondent, Todd Rice, testified that he was scheduled to receive visitation on the weekend of February 14, 2003, but his mother received a phone call from the Petitioner saying that she would be unable to drive the kids to the Respondent due to inclement, snowy, weather conditions. As a result, the Respondent drove to the Petitioner's residence and called the Petitioner on a cell phone given to the Petitioner for the benefit of the children. Although unaware of which apartment the Petitioner lived in, he drove to the complex looking for her home and his children. He was in fact, arrested one block from her home.

Further, Mr. Rice testified that he had read the Order of Protection and that it was his understanding that he was not forbidden from speaking to the Petitioner by

-3-

telephone, due to the fact that the box forbidding such behavior was not "checked" on page 2 of the Order.

Respondent argues that because the Order states that the "terms of this Order shall be effective until April 8, 2002, rendered the Order ineffectual. However, defendant concedes that the Order recites that "it's terms are to be in effect for one year". Petitioner argues that the clear intent of the Order was to remain in effect for one year until April 3, 2003. Moreover, the statute provides that such an order would remain in effect for one year. Tenn. Code Ann. § 3-608. Clearly, a reasonable reading of the Order placed respondent on notice that the Order was in effect for one year.

Next respondent argues that there was nothing in the original Order which prohibited respondent from "telephoning" petitioner, and that in the Order of Protection, the form that prohibits telephone contact was not checked. Further, that there was nothing in the Order of Protection "that prohibits the respondent from being within a certain distance from petitioner, or that prohibits the respondent from being near or in proximity to the petitioner's residence."

Petitioner counters that the Order specifically states: "The Court hereby Orders; that the above named respondent be restrained from any contact with petitioner/plaintiff." and cites Webster's 9th New Collegiate dictionary definition of "contact" as "to get in communication with."

The petitioner's charges that defendant was required to answer were: continually calling and that he violated the order of protection by being in the parking lot of her residence, videotaping and watching and continually driving past. The evidence establishes that defendant violated that portion of the Order wherein he was restrained "from any contact with petitioner". However, the evidence does not support six counts of contempt as found by the Trial Court. In criminal contempt proceedings, the defendant is presumed to be innocent, and must be proven guilty beyond a reasonable doubt. *Dole v. Bd. of Professional Responsibility of Supreme Ct. Of Tn.,* 104 S.W.3d 465 (Tenn. 2003). As to the sufficiency of evidence, the standard of appellate review is whether, after viewing the evidence in the light most favorable to upholding the conviction, a rational trier of fact could have found all essential elements of crime, beyond a reasonable doubt. *State v. Williams*, 657 S.W.2d 405 (Tenn. 1983) (cert. denied 104 S.Ct. 1429). Taking into account petitioner's charges and the evidence in the record, we conclude that the evidence supports the conviction for one count of contempt only, and we reverse the conviction on the remaining five counts. *See* Tenn. R. App. P. 13(e).

The petitioner's testimony about attempted phone calls by the respondent on the advice of both parties' counsel in the fall of 2003, does not establish the requisite intent beyond a reasonable doubt; however, respondent admitted calling on February 14, 2003 which was a violation of the Trial Court's Order. Accordingly, the evidence establishes basis for conviction for one count of contempt.

Petitioner argues that he acted on advice of counsel, which should go in mitigation of his punishment. Advice of counsel is no excuse for failure to obey the orders of the Court, but may be considered in mitigation of the defense if done in good faith. *Churchwell v. Callens*, 252 S.W.2d 131, 36 Tn.App. (1952). However, punishments for contempt are reviewed for abuse of discretion. *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993). We uphold the punishment meted out by the Trial Court for the conviction on the one count as the punishment was within the discretion of the Trial Court.

For the foregoing reasons, we affirm respondent's conviction on one count, with punishment of ten days incarceration and a $50.00 fine. We reverse and dismiss the remaining counts, and remand to the Trial Court, with the cost of the appeal assessed to Todd Hillman Rice.

_____
HERSCHEL PICKENS FRANKS, P.J.