# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 22, 2005

## STATE OF TENNESSEE v. SCOTTY HENRY PACE, JR.

**Appeal from the Circuit Court for Davidson County**
**No. 03D-2184     Muriel Robinson, Judge**

---

**No. M2004-00139-COA-R3-CV- Filed January 20, 2006**

---

The defendant was found guilty of criminal contempt and sentenced to ten days in jail for violating an Order of Protection. He appeals, contending the evidence was insufficient. We agree.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Paula Ogle Blair, Nashville, Tennessee, for the appellant, Scotty Henry Pace, Jr.

Paul G. Summers, Attorney General and Reporter; Pamela A. Hayden-Wood, Senior Counsel, and Douglas Earl Dimond, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

In June of 2003, the General Sessions Court of Davidson County issued an Order of Protection against Scotty Henry Pace Jr., prohibiting him *inter alia* from harassing, annoying, telephoning, contacting or otherwise communicating with Stacey Hill.

On July 4, 2003, Hill received a call on her cellular telephone. Although she recognized the number on the caller identification display, she answered the call following which there was a brief period of silence and some "beeps" as if someone were dialing numbers into the phone; however, she never heard a voice and hung up. Hill, believing the call was from Pace or Pace's friend, Wanda Latham, and that she was calling on behalf of Pace, took out a warrant against Pace, pursuant to Tenn. Code Ann. § 36-3-611, alleging he violated the Order of Protection.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

At the hearing, Hill testified the number that appeared on her caller identification display was a number from a WalMart pre-paid calling card. She further testified that she recognized it to be one Wanda Latham had used to contact her prior to the order going into effect, explaining that Latham had previously contacted her using the same calling card number, asking that Hill not pursue the Order of Protection against Pace.

Following Pace's appeal of an adverse ruling by the General Sessions Court, the Circuit Court conducted an evidentiary hearing and found Pace guilty of violating the Order of Protection and remanded the matter to General Sessions Court for sentencing. Pace appeals contending the evidence insufficient to sustain a finding of guilt.[2]

A court may hold a defendant in criminal contempt, and punish the defendant accordingly, upon a finding the defendant violated an order of protection or a court-approved consent agreement. Tenn. Code Ann. § 36-3-610(a). Sanctions for criminal contempt are punitive because the primary purpose is to vindicate the court's authority. *McPherson v. McPherson*, 2005 WL 3479630, M2003-02677-COA-R3-CV (Tenn. Ct. App. Dec. 19, 2005) (citing *Doe v. Bd. of Prof'l Responsibility,* 104 S.W.3d 465, 474 (Tenn. 2003)).

A person charged with criminal contempt is presumed innocent, and the proof must show beyond a reasonable doubt that the person charged willfully failed to comply with the court's order. *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). Thus, at trial, the State had to prove beyond a reasonable doubt that Pace violated the order. On appeal, however, the defendant loses this presumption of innocence and bears the burden of overcoming the presumption of guilt. *See Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). Pace has successfully met his burden because the evidence is wholly inadequate to sustain a conviction.

The only evidence presented to establish the guilt of the defendant was the testimony of Hill, the prosecutrix. She testified that she received a call on her cell phone on July 4, 2003, that she recognized the number on her caller ID as a WalMart calling card, and that the calling card number was one Wanda Latham, a friend of Pace, had used to call her regarding the issuance of the Order of Protection. Hill testified that no one spoke when she answered the call, and she had no idea who called but for the WalMart calling card number Wanda Latham had previously used. Further, there was no evidence that Pace made the call, that he had access to the calling card when the call occurred, or that he put Latham up to making the call.

Wanda Latham also testified at trial, but the trial court found her testimony was not credible. Whether Latham's testimony was credible or not is inconsequential. This is because, if her testimony is credible, it favored Pace; yet, if her testimony was wholly discredited, it did not constitute affirmative evidence of Pace's guilt. Thus, the presence or absence of Latham's testimony

---

[2]Pace also challenged the admissibility of certain evidence as being violative of Tenn. R. Evid. 404. Based upon our decision to reverse the conviction, the other issue is moot.

had no effect upon the State's burden to establish beyond a reasonable doubt that Pace made the phone call or that Latham made the call on behalf of Pace.

The evidence being insufficient, we must set aside the conviction for criminal contempt. The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against the State of Tennessee.

_____
FRANK G. CLEMENT, JR., JUDGE