# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 20, 2014 Session

## BRENDA S. HARPER v. WILLIAM H. HARPER

**Appeal from the Chancery Court for Montgomery County**
**No. MCCHCVDI02436      Michael R. Jones, Chancellor**

**No. M2013-01514-COA-R3-CV- Filed April 10, 2014**

The parties to this proceeding were divorced in 2003; in the final decree, Wife was awarded one-half of Husband's military retirement. In 2005, the court modified the final decree to provide that the portion of Husband's retirement pay designated for his disability benefits was not marital property and, therefore, was not to be included in the amount Wife received from Husband. Wife filed a contempt proceeding in 2011 alleging that Husband was failing to pay her the amount of his retirement pay he was required to pay. In March 2012, following a hearing, the trial court entered an order in which it did not find Husband to be in contempt; Wife thereafter filed various motions seeking to have the court modify the manner in which Husband was computing the amount she would receive. Wife appeals the denial of relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Brad W. Hornsby and Heather G. Parker, Murfreesboro, Tennessee, for the appellant, Brenda S. Harper.

John T. Maher, Clarksville, Tennessee, for the appellee, William H. Harper.

# MEMORANDUM OPINION[1]

Brenda Harper ("Wife") and William Harper ("Husband") were divorced on December 29, 2003; the Final Decree included the following provision:

[Wife] shall receive Fifty (50%) Percent of [Husband's] military retirement, beginning December 1, 2003. [Husband] shall pay this amount directly to the [Wife] until such time that the military allotment begins and [Wife] receives said amount directly from the military. Further, [Husband] shall protect [Wife's] interest in this retirement by enrolling in the Survivors Benefit Plan, and the expenses for such enrollment shall be paid equally by the parties, one-half each, or however that may work out with the military.

Wife filed a notice of appeal on January 28, 2004; however, the appeal was dismissed because she failed to comply with Tenn. R. App. P. 6 and file a bond for costs on appeal.

On May 16, 2005, Husband filed a motion pursuant to Tenn. R. Civ. P. 60 asking the court to modify the final divorce decree, stating that the portion of his retirement designated as disability pay was not a marital asset, and therefore not divisible. The court entered an order on August 23, 2005, granting the motion and stating in pertinent part, "that the 10% of [Husband's] military retirement deemed to be disability pay at the time of the divorce is not divisible as martial pay." No appeal was taken from or relief sought relative to the August 23, 2005 order.

On February 15, 2011, Wife filed a petition for civil contempt alleging that Husband had failed to pay her the correct amount of his retirement pay; Husband answered generally denying the allegations. A hearing on the petition was held on November 30, 2011. On January 19, 2012, the court entered an order which recited that it was entered on the matter heard on November 30, 2011; the court did not find Husband in contempt or specifically dismiss the contempt petition. Wife filed a motion to set aside the January 19 order, which

---

[1] Tenn. R. App. Ct. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the court granted on February 21. On March 20, the court entered an order, again reciting that it was entered on the matter heard November 11, 2012,[2] and stating:

1. That the court is without jurisdiction to award the 10% of [Husband's] military retirement deemed to be disability as marital property.
2. That the 10% disability is to be taken from the Defendants pay after the Survivor Benefit Plan is subtracted: therefore, in calculating [Wife's] portion of [Husband's] retirement, the Survivor Benefit Plan cost shall be subtracted from [Husband's] gross pay first th[e]n the 10% shall be subtracted.
3. That there are arrears that are owed and the parties are to calculate the amount of arrears owed based on this Order.
4. That the Petition is not frivolous.
5. That no attorney's fees be awarded.

No appeal was taken from this order.

On April 9, 2012, Wife, through counsel, filed a motion asking the court "to clarify the 10% disability in this matter"; Wife's counsel thereafter withdrew and new counsel for Wife entered an appearance. On November 14, the court entered an order on the motion; the order stated:

1. The prior order of the court is sustained in that the Survivor Benefit Plan cost shall be subtracted from [Husband's] gross pay first, then the 10% shall be subtracted.
2. The court defines ten percent (10%) as ten percent (10%) of the gross amount of Husband's total benefits. The Survivor Benefit Plan cost shall be subtracted from [[Husband's] gross pay first, then the 10% shall be subtracted][3].
3. Debra A. Wall is hereby relieved of any further duties as counsel for [Wife].

On December 5, 2012, Wife, proceeding pro se, filed a Motion to Set Aside In Order To Correct Order. On December 11 Wife, through new counsel, filed a Motion to Alter or Amend the November 14 order; the relief sought in the motion was:

---

[2] The recitation in the order that the matter was heard on November 22, 2012, is an obvious mistake on the part of Wife's counsel, the drafter of the March 20 order. There is an agreed order in the record setting the contempt petition for final hearing on November 30, 2011.

[3] The order was amended on December 19 to include the portion in brackets.

1. That the Court set aside the Order in this case and set a hearing in this cause.

2. That the Court require Husband to produce his retiree account statement.

3. That the Court follow its previous Order, which requires Husband to get his gross monthly pay including any and all VA disabilities, reduce said amount by $106, and pay to Wife on a date certain one-half (1/2) of said remainder less one-half (1/2) of the SBP costs, with said payment to be made Wife [sic] contemporaneous with the payments to Husband.

A hearing was held on the motion on May 3, 2013, and the court entered an order denying the motion on May 29, stating in part that "the order of March 20, 2012, correctly sets forth the ruling of the court and that it is a final order".

Wife appeals, stating the following issues:

1. The trial court's interpretation of the final decree and subsequent order amending the final decree was unreasonable and erroneous.

2. The trial court's interpretation of the final decree resulted in an impermissible modification of the division of marital property.

3. Any post-divorce waiver of retirement pay does not affect Mrs. Harper's payment.

## DISCUSSION

"An act of contempt is a willful or intentional act that hinders, delays, or obstructs the court's administration of justice." *State ex rel. Flowers v. Tennessee Trucking Ass'n Self Ins. Grp. Trust*, 209 S.W.3d 602, 612 (Tenn. Ct. App. 2006).[4] The purpose of a civil contempt proceeding is to coerce a party to comply with the court's order. *See. Doe v. Bd. of Prof'l Responsibility,* 104 S.W.3d 465, 473. For a party to be held in contempt, the court must find that: the order alleged to have been violated is lawful; the order is clear, specific, and unambiguous; the person disobeyed or resisted the order; and the person's violation was "willful." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346,

---

[4] An act of contempt may be either civil or criminal in nature, *Reed v. Hamilton*, 39 S.W.3d 115, 118 (Tenn. Ct. App. 2000); determining whether a punishment for contempt is civil or criminal depends on the character and the purpose of the sanction imposed. *Robinson v. Fulliton*, 140 S.W.3d 304, 309 (Tenn. Ct. App. 2003).

354–55. The decision finding a party in civil contempt will not be disturbed absent an abuse of discretion. *Id.* at 358.

The pleading which led to the entry of the March 20, 2012, order was the petition for civil contempt. The subsequent motions filed by Mother and/or her counsel did not ask the court to reconsider the court's action on the contempt petition but, rather, sought to have the court order the parties to use a particular computation in determining Wife's share of Husband's military retirement pay in accordance with the August 2005 order.[5]

It is apparent from the record that Wife, acting pro se and through counsel, has been consistent in challenging the manner in which Husband computes the amount she is due. When this was presented to the court in the context of the contempt proceeding, the court implicitly determined that Husband's method was appropriate and, if in error, did not meet the threshold to support a finding of contempt. Wife has not appealed the court's disposition of the contempt proceeding and does not assert that the court erred in failing to hold Husband in contempt. While the trial court was gracious in responding to Wife's efforts to seek clarification of the computation, the contempt proceeding was not a vehicle for Wife to seek to modify or amend the order Husband was following or to reopen issues related to the division of marital property. Contempt is specific, seeking to force compliance with an existing order of the court; the authority to adjudicate the contempt petition ended when the court determined that Husband was not in contempt.

In the order entered May 29, 2013, from which this appeal ensued, the trial court recited the history of the case from its inception and held that the March 20, 2012 order was a final order. Our review of the record confirms that this was a proper holding and we affirm the May 29, 2013, order.[6]

---

[5] The contempt petition alleged "that the [Husband] is not properly providing the [Wife] with the correct amount of her awarded military retirement portion."

[6] We have reviewed the Motion to Clarify filed on behalf of Wife on April 9, 2012, the Motion to Set Aside In Order To Correct Order, filed by Wife pro se on December 5, and the Motion to Alter or Amend filed by Wife's new counsel on December 11, 2012; none of the motions operate to suspend the finality of the March 2 order.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.


_____

RICHARD H. DINKINS, JUDGE

6