IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 5, 2018

## CHRISTINA KLEPPER NEELY v. BRIAN RICHARD NEELY

Appeal from the Chancery Court for Sullivan County
No. C0016966C      E. G. Moody, Chancellor

———————————————————

No. E2017-01807-COA-R3-CV

———————————————————

Mother moved to hold Father in criminal contempt for his failure to pay child support in full each month.  After finding a failure to pay child support as ordered, the court held father in criminal contempt.  Because the order contains insufficient findings of fact, we vacate the judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which THOMAS R. FRIERSON II and ARNOLD B. GOLDIN, JJ., joined.

C. Brad Sproles, Kingsport, Tennessee, for the appellant, Brian Richard Neely.

No brief filed on behalf of the appellee, Christina Klepper Neely.

**MEMORANDUM OPINION**[1]

**I.**

On May 19, 2016, the Chancery Court for Sullivan County, Tennessee, entered an order reducing the child support obligation of Brian Richard Neely ("Father") from $1,244 to $890 per month retroactive to June 2014, when the older of his two children graduated high school.  Among other things, the court also found that a child support arrearage had accrued in the amount of $4,517.70, which the court ordered Father to pay to Christina Klepper Neely ("Mother") in full, plus interest, within 30 days.

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case."  Tenn. Ct. App. R. 10.

On June 7, 2017, Mother filed her "Second Amended Fourth Motion for Contempt" (the "Contempt Motion").[2] According to Mother, Father "failed to pay child support in the amount of [$]890.00 per month as Ordered by this Court" since March 2016. And she alleged that Father "ha[d] made no voluntary payment of child support in any amount since December 2, 2016."[3] Mother sought a finding that Father "willfully and without Order of this Court has failed to pay child support in the amount Ordered by this Court from March 1, 2016 to current date." Mother requested that Father be found in "willful criminal contempt" and be "punish[ed] . . . to the full extent necessary including, but not limited to incarceration, to vindicate the authority of the Court and prevent future violations." Mother also sought payment of the accumulated child support arrearage plus interest, attorney's fees, court costs, and suit expenses.

On July 10, 2017, the court held a hearing on the Contempt Motion. Following the hearing, the court entered an order noting that the parties had a pending mediation on Father's petition for modification of the parties' parenting plan scheduled for July 20. The order provided that, if the issues of support and visitation remained unresolved following mediation, the court would "conduct a teleconference with the attorneys and announce its ruling on [the Contempt Motion]." The court reserved "[a]ll other matters."

Mediation proved unsuccessful. And, on July 27, 2017, the court entered an order finding that Father "ha[d] failed to voluntarily make a child support payment to Mother since early December 2016" and that the child support arrearage was now $9,628.80. The court ordered Father to pay Mother the child support arrearage with interest within 30 days. Additionally, the court "award[ed] Mother her attorney fees . . . and suit expenses," also to be paid within 30 days. Finally, the court held Father "in criminal contempt with punishment reserved."

A month later, on August 29, 2017, the court ordered Father "to serve ten (10) days in jail and . . . to pay a fine of fifty dollars ($50.00) within thirty (30) days." But it allowed "Father [to] make a purge payment directly to Mother in the amount of $9,949.19 by September 1, 2017 in lieu of serving ten (10) days in jail."

---

[2] As is evident from the style of the pleading, Mother moved for Father to be held in contempt several times. But because the court's orders holding Father in criminal contempt reference only the Second Amended Fourth Motion for Contempt, it is unnecessary to recount all of Mother's efforts to obtain a contempt finding.

[3] Mother acknowledged that Father "paid approximately $370 per week from early December 2016 through mid May 2017 . . . pursuant to garnishment to satisfy a judgment executed in this matter."

## II.

On appeal, Father contends that the trial court erred in holding him in criminal contempt. Specifically, Father claims that the court failed to conduct an evidentiary hearing or afford him an opportunity to present evidence in opposition to the Contempt Motion.

Under Tennessee Code Annotated § 29-9-102(3) (2012), courts have the power to "issue attachments, and inflict punishments for contempts of court" for "[t]he willful disobedience or resistance of any officer of such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts." A finding of contempt may be either civil or criminal in nature. *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 473 (Tenn. 2003). Civil contempt is intended to benefit a private party who has suffered a violation of rights, and "the quantum of proof necessary to convict is a preponderance of the evidence." *Id.* at 473-74. But criminal contempt, which is at issue here, "is punishment for failing to comply with an order." *Sherrod v. Wix*, 849 S.W.2d 780, 786 n.4 (Tenn. Ct. App. 1992). "In criminal contempt proceedings, the defendant is presumed to be innocent and must be proven guilty beyond a reasonable doubt." *Doe*, 104 S.W.3d at 474.

Civil or criminal contempt requires four elements: (1) the order allegedly violated must be lawful; (2) the order must be clear and unambiguous; (3) the individual charged must have violated the order; and (4) the individual must have acted willfully in violating the order. *Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 354-55 (Tenn. 2008); *Furlong v. Furlong*, 370 S.W.3d 329, 336 (Tenn. Ct. App. 2011) (stating that the four-element analysis outlined in *Konvalinka* applies to criminal and civil contempt actions). Father argues that the lack of an evidentiary hearing deprived him of "the opportunity to present evidence as to the issue of willfulness."

In the context of criminal contempt, willfulness has two elements: (1) intentional conduct and (2) a culpable state of mind. *See State v. Beeler*, 387 S.W.3d 511, 523-24 (Tenn. 2012); *Konvalinka*, 249 S.W.3d at 357. "Determining whether the violation of a court order was willful is a factual issue that is uniquely within the province of the finder-of-fact who will be able to view the witnesses and assess their credibility." *Konvalinka*, 249 S.W.3d at 357. We review the trial court's finding on willfulness "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d).

Here, the court did not make a willfulness finding. The court only found that "Father has failed to voluntarily make a child support payment to Mother since early December 2016" and the amount of the child support arrearage. So we are unable to determine whether the standards for criminal contempt were satisfied. *See Parimore v. Parimore*, No. W2016-01188-COA-R3-CV, 2017 WL 657771, at *6 (Tenn. Ct. App.

3

Feb. 17, 2017) ("[T]he record is utterly devoid of any order actually finding Husband's conduct to be willful or finding him in contempt, nor is there any indication in the record that an evidentiary hearing was ever held on Wife's contempt petition.").

The requirement of detailed findings of fact and conclusions of law is "not a mere technicality." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Absent these findings, we are "left to wonder on what basis the court reached its ultimate decision." *Id.* (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 204 WL 865840, at 819 (Tenn. Ct. App. Apr. 21, 2004)). "Simply stating the trial court's decision, without more, does not fulfill this mandate." *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012).

Under the circumstances of this case, we vacate the court's decision holding Father in criminal contempt and the sentence and remand for entry of an order in compliance with Rule 52.01 of the Tennessee Rules of Civil Procedure. *See, e.g.*, *Lovlace v. Copley*, 418 S.W.3d 1, 36 (Tenn. 2013) ("One remedy appellate courts typically apply when a trial court's factual findings fail to satisfy the Rule 52.01 requirement is to remand the case to the trial court with directions to issue sufficient findings and conclusions."); *Burris v. Burris*, 512 S.W.3d 239, 257-58 (Tenn. Ct. App. 2016) (vacating the court's decision and remanding for "written findings of fact and conclusions of law to support its ruling finding [m]other guilty of thirty-seven counts of criminal contempt"); *Williams v. Singler*, No. W2012-01253-COA-R3-JV, 2013 WL 3927934, at *18 (Tenn. Ct. App. July 31, 2013) (vacating the finding of contempt and remanding for "factual findings as to specific instances of contempt during the relevant time period, including factual findings to support a holding of willfulness"). Because the award of attorney's fees and expenses against Father was made as part of the contempt action, we vacate those awards as well. *See Williams*, 2013 WL 3927934, at *18 (vacating both finding of contempt and the award of attorney fees made as punishment for the alleged contempt); *cf.* Tenn. Code Ann. § 29-9-103(b) (2012) (limiting the punishment that a court may impose for a finding of criminal contempt); *Watts v. Watts*, 519 S.W.3d 572, 578 (Tenn. Ct. App. 2016) ("[A]n award of attorney's fees in the context of criminal contempt is generally not authorized by Tennessee law."). On remand, the court may hold an evidentiary hearing, if necessary, in order to comply with our mandate.

## III.

We vacate the judgment of criminal contempt against Father, the sentence for the contempt, and the award of attorney's fees and expenses against Father. This case is remanded for entry of an order in compliance with Rule 52.01 of the Tennessee Rules of Civil Procedure and any further proceedings as are necessary and consistent with this opinion.

_____

W. NEAL MCBRAYER, JUDGE