IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 1, 2022

**MARK SEYBOLD, ET AL. v. SHELDON J. METZ, ET AL.**

**Appeal from the Chancery Court for Cannon County**
**No. 17-67     J. Mark Rogers, Judge**

_____

**No. M2022-00290-COA-R3-CV**

_____

This case involves a petition for contempt filed against the defendant arising out of a dispute over an easement. The plaintiff maintained that the defendant violated the court's prior order implementing a permanent injunction with regard to the easement. The trial court dismissed the petition finding that the plaintiff had not proven the requisite elements of contempt. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

D. Russell Thomas, Murfreesboro, Tennessee, for the appellant, Mark Seybold.

Benjamin Lewis, Murfreesboro, Tennessee, for the appellee, Ronald Shayne Christie.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

This case began as a dispute over an easement that was reserved in a warranty deed transferring the real property at issue from Mark Seybold and Jennifer Seybold (collectively, "Seybolds") to Sheldon J. Metz and Joyce G. Metz ("Ms. Metz").[1] Ronald Shayne Christie[2] and Mechelle Sullivan reside on the Metz property with the permission of Ms. Metz. Pursuant to the warranty deed, the Seybolds reserved an easement for themselves for the purpose of the installation and maintenance of a sewer system that

---

[1] Mr. Metz died prior to the resolution of the case in the trial court. Joyce G. Metz is the titled owner of the real property at issue.

[2] Mr. Christie is the son of Ms. Metz.

served their property. This easement was described by a notice of encroachment filed in the Register's Office in Cannon County, Tennessee. Tensions arose between the parties regarding the easement, culminating in the matter before the trial court. On June 11, 2018, the trial court issued an order finding that the easement as reserved was valid and fully enforceable. As a result, the order permanently enjoined Ms. Metz, Mr. Christie, and Ms. Sullivan (collectively, "Enjoined Parties") from interfering with the installation or maintenance of the easement.

Work on the property did not commence until April 2019 when Mr. Seybold cleared the area which he considered to be the easement property and piled the cleared material on the Metz property. Mr. Christie, in the belief that Mr. Seybold had trespassed on the Metz property by placing the cleared material outside of the easement area as well as allegedly killing several of his blackberry bushes with weed killer, swore out affidavits of complaint against Mr. Seybold for vandalism and trespass with the Sheriff of Cannon County.

Due to construction delays, the actual installation of the sewer system did not occur until later in the fall of 2019. Meanwhile, the criminal warrants sworn out by Mr. Christie remained unserved until April 2020 when Mr. Seybold was arrested. The charges were later *nolle prosequi*[3] and eventually expunged from Mr. Seybold's record. As a result of the charges brought against him and his subsequent arrest, as well as his continuing concerns about future harassment as a result of the easement, Mr. Seybold filed a petition for contempt against Mr. Christie on December 16, 2020. According to this petition, Mr. Seybold alleged that Mr. Christie's actions in swearing out the warrants against him constituted a willful violation of the order permanently enjoining the Enjoined Parties from interfering with his installation and maintenance of the easement.[4] He further argued that the trial court should find Mr. Christie in civil contempt for violating the injunction.[5] A trial was held on December 13, 2021, and December 17, 2021. In an order entered on February 1, 2022, the trial court found that Mr. Seybold had failed to prove that Mr. Christie violated the "clear, specific and unambiguous" language set out in the trial court's June 11, 2018, order. The trial court further found that the order at issue "does not preclude or prohibit the filing of a criminal warrant" and dismissed the petition. This appeal followed.

### ISSUES PRESENTED

Mr. Seybold raises a single issue for our review on appeal, restated as follows:

---

[3] According to Black's Law Dictionary, *nolle prosequi* is "[a] legal notice that a lawsuit or prosecution has been abandoned." *Nolle prosequi*, BLACK'S LAW DICTIONARY (10th ed. 2014).

[4] In his petition, Mr. Seybold noted the arrest warrants issued in the current case were "almost identical" to a prior arrest warrant sworn out by Defendant Sullivan against him in June 2010 for allegedly vandalizing the property covered by the easement. This occurred prior to the issuance of the permanent injunction at issue in this case.

[5] Mr. Seybold's petition also contained averments of criminal contempt, however those allegations were ultimately "dismissed/struck/nonsuited" by Mr. Seybold.

Whether the trial court correctly determined that its prior order had not been willfully disobeyed as a matter of law.

Mr. Christie also raises one issue for our review on appeal:

Whether he is entitled to attorney's fees on appeal.

## STANDARD OF REVIEW

This Court reviews a trial court's decision to hold an individual in civil contempt under the abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008) (citing *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993); *Moody v. Hutchison*, 159 S.W.3d 15, 25-26 (Tenn. Ct. App. 2004)). "An abuse of discretion occurs when a court strays beyond the framework of the applicable legal standards or when it fails to properly consider the factors customarily used to guide that discretionary decision." *Id.* (citing *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)). Such "[d]iscretionary decisions must take the applicable law and relevant facts into account." *Id.* (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). Therefore, "reviewing courts will set aside a discretionary decision only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Id.* (citing *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003)).

## DISCUSSION

Mr. Seybold argues that the trial court erred in finding that Mr. Christie had not violated the injunction order. In its order, the trial court predicated its determination on the fact that the injunction order was "clear, specific and unambiguous" and did not "preclude or prohibit the filing of a criminal warrant." Rather, the injunction order stated that there was to be no interference "with the installation and maintenance of the sewer system within the easement." The court went on to state that it "knows of no authority for it to hold [Mr. Christie] in contempt for taking out a criminal warrant [and] doing so does not violate the Order at issue." The court further found that Mr. Christie had not taken any "action willfully" in violation of the injunction order.

"Civil contempt claims based upon an alleged disobedience of a court order have four essential elements." *Id.* at 355. These elements include: 1) the order must have been lawful; 2) the order must have been "clear, specific, and unambiguous;" 3) the party being accused of civil contempt must have actually violated the order; and 4) the party alleged to have violated the order must have done so willfully. *Id.* at 355-56. The determination as to whether a party has actually violated an order is a "factual one to be decided by the court without a jury." *Id.* at 356. "The quantum of proof needed to find that a person has actually

- 3 -

violated a court order is a preponderance of the evidence." *Id.* (citing *Doe v. Bd. of Prof'l Resp.*, 104 S.W.3d 465, 471 (Tenn. Ct. App. 2006)).  In the present case, the trial court determined that Mr. Seybold had satisfied the first two elements of this analysis but had failed to meet his burden as to the final two elements.

Having reviewed the record, we agree with the trial court that Mr. Christie did not willfully violate the "clear, specific, and unambiguous" terms of the injunction and therefore conclude that the trial court did not abuse its discretion in dismissing the petition for contempt.

*Attorney's Fees*

On appeal, Mr. Christie argues that he is entitled to attorney's fees for having to defend this appeal, relying on Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.  Having reviewed the record, we do not find the appeal to be frivolous and, therefore, we decline to award Mr. Christie attorney's fees on appeal.

## CONCLUSION

Based on the foregoing, the trial court's order is affirmed.

                s/ Arnold B. Goldin
                ARNOLD B. GOLDIN, JUDGE