# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 16, 2013

## MINOR MIRACLE PRODUCTIONS, LLC,
### AN IDAHO LIMITED LIABILITY COMPANY, AND DAVID L. RICHARDS
### v.
## RANDY STARKEY

**An Appeal from the Circuit Court for Cheatham County**
**No. 6022      George C. Sexton, Judge**

---

**No. M2012-01145-COA-R3-CV - Filed May 15, 2013**

---

This is the second appeal in this case. In the first appeal, this Court affirmed the trial court's enrollment of a foreign judgment acquired by the petitioners against the respondent in Idaho, and the case was remanded for enforcement proceedings. On remand, the respondent refused to comply with the Idaho judgment, so the petitioners filed a motion for contempt and for an order to compel compliance with the judgment. The respondent did not attend the hearing. The trial court found the respondent to be in contempt of court for refusing to comply with the Idaho judgment. The respondent now appeals. We dismiss the appeal, because the issues raised on appeal were not first raised in the trial court, and the respondent did not comply with either Rule 24(c) or Rule 27 of the Tennessee Rules of Appellate Procedure.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Randy Starkey, Kingston Springs, Tennessee, Respondent/Appellant, *Pro Se.*

R. Spencer Hamlin and Eric K. Lockert, Ashland City, Tennessee, for the Petitioner/Appellee, Minor Miracle Productions, LLC, and David L. Richards

The facts in this case are more fully set forth in this Court's opinion in the first appeal. ***See Minor Miracle Prods., LLC v. Starkey***, No. M2011-00072-COA-R3-CV, 2012 WL 112593 (Tenn. Ct. App. Jan. 12, 2012). We recount briefly the facts pertinent to this second appeal.

Petitioner/Appellee Minor Miracle Productions, LLC ("MMP"), is owned by Petitioner/Appellee David L. Richards and Respondent/Appellant Randy Starkey. Mr. Starkey is a movie writer/director, and Mr. Richards is a movie financier. Mr. Starkey lives in Tennessee, and Mr. Richards lives in Idaho. ***Id.*** at *1.

Mr. Starkey and Mr. Richards became embroiled in a dispute over the production of a movie called "The Hayfield." Eventually, Mr. Richards and MMP (collectively referred to as "Petitioners") filed a lawsuit in Idaho state court against Mr. Starkey over various aspects of the film and its production. On August 5, 2010, the Idaho court entered a judgment in favor of the Petitioners, holding Mr. Starkey liable to the Petitioners in the amount of $1,014,601.60. The Idaho court also ordered Mr. Starkey to return to the Petitioners certain DVDs, CDs, videos, videotapes, P2 cards, and other items related to the production of the film. ***Id.*** at *2.

In September 2010, the Petitioners filed a petition in the Circuit Court for Cheatham County, Tennessee, to domesticate the Idaho judgment against Mr. Starkey. In response, Mr. Starkey filed a motion to set aside the Idaho judgment, alleging fraud and other theories. The trial court denied the motion to set aside and ordered the enrollment of the Idaho judgment. ***Id.*** Mr. Starkey appealed the trial court's order to this Court. On January 12, 2012, this Court affirmed the trial court's order, and the Idaho judgment was properly enrolled in Tennessee. ***Id.*** at *7.

On January 19, 2012, after the first appeal was resolved, the Petitioners filed a motion to compel, asking the trial court to compel Mr. Starkey to comply with discovery requests they had propounded to him a year earlier, in January 2011. The Petitioners asserted that Mr.

---

[1]**Rule 10.  Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

Starkey had not provided them with any response to the outstanding discovery requests. On February 3, 2012, Mr. Starkey filed an objection to the Petitioners' motion to compel, asserting fraud.

On March 21, 2012, the Petitioners filed a motion to hold Mr. Starkey in contempt of court. Among other things, the Petitioners claimed that Mr. Starkey refused to return to them several items that the trial court ordered him to return, and that he also continued to operate the film's website and exploit the film and its soundtrack. The Petitioners also alleged that Mr. Starkey had not provided an accounting of the debts and assets related to the film, as required by the Idaho judgment. The Petitioners' contempt motion asked the trial court to impose "appropriate punishment against Mr. Starkey in accordance with Tenn. Code Ann. §§ 29-9-103, 104, and 105, including an award of attorney's fees and costs associated with this Motion." A Notice of Hearing was filed with the trial court at the same time, stating that both the motion to compel and the motion for contempt would be heard by the trial court on April 2, 2012.

On April 2, 2012, the trial court conducted the hearing as scheduled. The appellate record does not include a transcript of that proceeding. It is undisputed, however, that Mr. Starkey did not appear at the hearing and did not file a written response to the Petitioners' motion to compel.

On April 24, 2012, the trial court entered two orders, one granting the Petitioners' motion to compel and the other granting their motion for contempt. In the order on the motion to compel, the trial court ordered Mr. Starkey to respond to the discovery propounded by the Petitioners within five calendar days, and also to pay the Petitioners' attorney fees associated with the motion to compel. In the contempt order, the trial court held that Mr. Starkey was in willful contempt of the trial court's order enrolling the Idaho judgment. The contempt order stated: "Mr. Starkey has made no good faith attempt to comply with the Orders of this Court and is accordingly found to be in willful contempt." The trial court sentenced Mr. Starkey to 30 days' incarceration for his contempt of court, but the order also provided that the "sentence shall terminate upon Mr. Starkey's compliance with the Court's Order." The contempt order also stated that Mr. Starkey's jail sentence could be renewed or extended upon the Petitioners' motion, if they demonstrated that Mr. Starkey had continued to refuse to comply with the trial court's order.

Pursuant to the contempt order, Mr. Starkey was incarcerated on June 5, 2012. He remained incarcerated for nine days, and then was released with the approval of the trial court. Mr.

Starkey now appeals the order holding him in contempt of court. He does not appeal the order granting the Petitioners' motion to compel.[2]

## ANALYSIS

"It is essential for this Court to determine which type of contempt finding we are reviewing as it affects our standard of review." *State ex rel. Murphy v. Franks*, No. W2009-02368-COA-R3-JV, 2010 WL 1730024, at *4 (Tenn. Ct. App. Apr. 30, 2010). In the case at bar, the trial court held Mr. Starkey in civil contempt for refusing to obey its order incorporating the Idaho judgment. Unlike sanctions for criminal contempt, civil contempt sanctions are intended to coerce a party to comply with the court's order. *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 473 (Tenn. 2003). With civil contempt, the contemnor holds the "keys to the jail" and may purge himself of contempt by complying with the court's order. *Robinson v. Fulliton*, 140 S.W.3d 304, 309 (Tenn. Ct. App. 2003) (quoting *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000)). "If imprisonment is ordered in a civil contempt case, it is remedial and coercive in character, designed to compel the contemnor to comply with the court's order." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). One who fails to comply with a court order may be held in civil contempt if the court concludes, by a preponderance of the evidence, that the alleged contemnor has the present ability to comply but has not done so. *Doe*, 104 S.W.3d at 474; *Ahern*, 15 S.W.3d at 79.

We review the trial court's findings of fact *de novo* upon the record of the proceedings below, presuming those factual findings to be correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Questions of law are reviewed *de novo*, without a presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). A finding of civil contempt, if based on facts that are supported by a preponderance of the evidence, is reviewed under an abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

On appeal, Mr. Starkey raises 27 issues in his appellate brief. Some were addressed in his prior appeal and therefore are not properly before the Court in this second appeal, so we decline to address them. The remainder are actually combinations of issues and facts, which for clarity we distill into three primary issues for our review: (1) Mr. Starkey did not receive notice of the contempt motion or hearing; (2) Mr. Starkey does not have the ability to comply with the underlying judgment, because he no longer possesses some of the things that the

---

[2]The notice of appeal was filed on May 17, 2012. We note that the technical record in this case includes documents that were filed in the trial court after the notice of appeal was filed. We are without jurisdiction to consider proceedings in this case that occurred after the notice of appeal is filed. Therefore, we review the record only insofar as it covers the proceedings prior to the filing of the notice of appeal.

-4-

order requires him to turn over; and (3) Mr. Starkey was denied "effective assistance of counsel from the beginning of this contempt matter" because, after an indigency hearing, he was appointed counsel who then refused to assist him in the hearing.[3]

We note at the outset that Mr. Starkey's brief is woefully inadequate. We have held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record. *See Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000); *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993); *Lucas v. Lucas*, No. 03A01-9707-CV-00298, 1998 WL 136553, at *1 (Tenn. Ct. App. Mar. 27, 1998). Our policy gives some latitude to litigants representing themselves; however, where the litigant's presentation is so inadequate that review is not possible, we must dismiss the appeal:

> While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Pro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere.

*Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (citations omitted). In this case, Mr. Starkey's brief does not cite to the record on appeal, does not clearly state the issues for appellate review, does not describe the facts that are relevant to his argument,[4] and does not cite authority that supports his argument on appeal.[5] *See* Tenn. R. App. P. 27.

As to the issue Mr. Starkey raises related to "effective assistance of counsel," the inadequacy of his brief and the inadequacy of the appellate record make it impossible for us to address this issue. Mr. Starkey points to no place in the record which even contains any indication that he was indigent or that counsel was appointed for him, and we have found none. The appellant is responsible for ensuring that the appellate record includes the documents necessary for effective appellate review. *Taylor v. Allstate*, 158 S.W.3d 929, 931 (Tenn. Ct.

---

[3]This third issue refers to an indigency hearing and the appointment of counsel for Mr. Starkey. The appellate record, however, contains no documentation related to an indigency hearing, nor does it contain any indication that counsel was appointed for Mr. Starkey. We note that Mr. Starkey is not proceeding as an indigent on appeal.

[4]For example, in the "Statement of Facts" in Mr. Starkey's appellate brief, Mr. Starkey lists only his name, address, and telephone number.

[5]This is not a case in which we are inclined to excuse briefing requirements for good cause pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure. *See Chiozza*, 315 S.W.3d at 489.

App. 2004); Tenn. R. App. P. 24(c). In addition, as we have indicated, Mr. Starkey does not cite any authority in his brief to support his argument. Therefore, we decline to address his argument as to alleged ineffective assistance of counsel.

As to the remaining issues in Mr. Starkey's appellate brief, he cites no place in the record showing that he raised these issues to the trial court in the first instance. "It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court." ***Powell v. Cmty. Health Sys., Inc.***, 312 S.W.3d 496, 511 (Tenn. 2010). This is not just a technical requirement; the trial court must be given the opportunity to address issues first and, if the situation warrants, fix the problems. For example, had Mr. Starkey raised to the trial court lack of notice or lack of ability to comply with the trial court's order, the trial judge could have taken measures to address those issues if it deemed such measures necessary. Instead, it appears that Mr. Starkey simply filed an appeal to this Court, without bringing any issues to the attention of the trial court. Appellate courts must carefully review the record to determine whether a party is actually raising an issue for the first time on appeal. ***Fayne v. Vincent***, 301 S.W.3d 162, 171 n.6 (Tenn. 2009). From our careful review of the record, we find no indication that Mr. Starkey raised these issues to the trial court. Instead, when Mr. Starkey learned of what in essence was a default holding of contempt against him, he just filed his notice of appeal. Mr. Starkey was obligated to raise these issues first to the trial court in order to allow that court to decide the issues in the first instance.

While this court has the discretion to consider "plain errors" that were not raised in the proceedings below "[w]hen necessary to do substantial justice," our discretion in this regard must be "sparingly exercised." ***State v. Bledsoe***, 226 S.W.3d 349, 354 (Tenn. 2007); ***see State v. Smith***, 24 S.W.3d 274, 282 (Tenn. 2000); Tenn. R. App. P. 36(b). The circumstances of his case do not warrant such extraordinary relief.

Moreover, we note that the record on appeal does not contain a transcript of any of the proceedings in the trial court. Tennessee Rule of Appellate Procedure 24(b) provides that it is the duty of the appellant to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Rule 24(c) states that, where a transcript is not available, "the appellant shall prepare a statement of the evidence" which "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). In cases where no transcript or statement of the evidence is filed, such as in the instant case,[6] the appellate court

---

[6]Pursuant to Rule 24(d), Mr. Starkey filed a notice that he would not file a transcript or a statement of the evidence in this appeal. Either a transcript or a statement of the evidence, however, was necessary to give

(continued...)

is required to presume that the record, had it been properly preserved, would have supported the action of the trial court.  ***Reinhardt v. Neal***, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).  The failure of Mr. Starkey to submit a "fair, accurate and complete account of what transpired" in the court below is an additional reason to reject his arguments and dismiss the appeal.

In sum, Mr. Starkey's appellate brief does not comply with Tenn. R. App. P. 27, none of the issues raised in his appellate brief were raised in the first instance to the trial court, and the record does not contain a transcript of the proceedings or statement of the evidence pursuant to Rule 24(c).  For these reasons, we must dismiss the appeal and remand the cause to the trial court.

## CONCLUSION

The appeal is dismissed, and the case is remanded for further proceedings consistent with this opinion.  Costs on appeal are to be taxed to Appellant Randy Starkey, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[6](...continued)
meaningful review to the issues raised by Mr. Starkey, which were based on the trial court's factual findings. ***See Sanders v. Sanders***, No. M1998-00978-COA-R3-CV, 2001 WL 1660715, at *4 (Tenn. Ct. App. Dec. 28, 2001) (noting that a transcript or statement of the evidence is unnecessary when the issue presented on appeal is purely a question of law).